EXPRESSWAY ASSOCIATES II *v.* FRIENDLY ICE CREAM
CORPORATION OF CONNECTICUT
(11891)

O'CONNELL, FOTI and LANDAU, Js.

Argued October 26, 1993--decision released May 31, 1994

*John Alan Sakon,* general partner, pro se, for the
appellant (plaintiff).

*William H. Champlin III,* with whom, on the brief,
was *Kristine D. Ragaglia,* for the appellee (defendant).

LANDAU, J. In a second visit to this court,[1] Express-
way Associates II (Expressway) appeals from the trial
court's decision denying its motion for contempt sought
against Friendly Ice Cream Corporation of Connecti-

---

[1] *Expressway Associates II* v. *Friendly Ice Cream Corp. of Connecticut,*
22 Conn. App. 124, 576 A.2d 575 (1990), rev'd in part, 218 Conn. 474, 590
A.2d 431 (1991).

cut (Friendly) for violation of a court order pursuant to an injunction. The gist of Expressway's claims on appeal is that the trial court improperly found that Expressway had failed to satisfy the burden of proof necessary to support a finding of contempt.

Before we address the plaintiff's claims, we must first confront the threshold issue of whether a general partner of a partnership who is not an attorney may appear and participate, pro se, in an appeal on behalf of the general partnership.

A summary and explanation of the procedural posture of the case is useful. On June 7, 1988, a complaint verified and signed by John A. Sakon, as a general partner, was filed in the Superior Court, Hartford County, praying for a temporary and permanent injunction and damages. Expressway, appearing through an attorney, alleged in its complaint, inter alia, that it "is a general partnership formed and doing business under the laws of the State of Connecticut." After the pleadings were closed and following a trial, judgment was rendered for the defendant, and the plaintiff appealed to this court. The judgment was reversed and the case was remanded to the trial court with direction to render judgment for the plaintiff granting the injunctive relief sought and for further proceedings to determine the amount of damages to be awarded consistent with the appellate opinion. *Expressway Associates II* v. *Friendly Ice Cream Corp. of Connecticut,* 22 Conn. App. 124, 131, 576 A.2d 575 (1990). Friendly filed a petition for certification to the Supreme Court, which was granted limited to the issue of damages. *Expressway Associates II* v. *Friendly Ice Cream Corp. of Connecticut,* 216 Conn. 811, 580 A.2d 56 (1990). On January 2, 1991, the trial court, *Maloney, J.,* rendered a partial judgment in accordance with the order of this court and granted

the injunctive relief sought by Expressway.[2] The Supreme Court reversed the judgment of this court on the certified issue of damages and ordered a nominal award of $1 to Expressway. *Expressway Associates II* v. *Friendly Ice Cream Corp. of Connecticut,* 218 Conn. 474, 590 A.2d 431 (1991). On November 29, 1991, the plaintiff filed a motion for contempt and, after a hearing, the trial court, *Hammer, J.,* denied the motion. This appeal followed. At argument, heedful of the issue of pro se representation of the partnership, we ordered supplemental briefs addressed to this issue.

At the outset, it is important to take note of certain facts concerning representation. The plaintiff named in the action and on appeal is "Expressway Associates II." Upon the filing of the writ, summons and complaint on June 7, 1988, Expressway was represented by Attorney Gary Greene. See Practice Book § 64. On November 29, 1991, Attorney Danny M. Smolnik filed an appearance for the plaintiff "in lieu of appearance of attorney or firm Pullman, Comley, Bradley & Reeves."[3] On or about March 2, 1992,[4] John Alan Sakon filed an "appearance" on behalf of the plaintiff (indicated in the file as "Expressway Assoc. II") "in addition to the appearance already on file." Smolnik's motion to withdraw his appearance was granted by the trial court on November 2, 1992, following the filing

---

[2] Although there was an appeal to the Supreme Court that was limited to the issue of damages, the trial court retained jurisdiction to carry out the directive of the Appellate Court.

[3] John Alan Sakon, who signed the verification of the original complaint as a general partner, alleges in briefs and appendices he filed and at argument that he filed a pro se appearance "in addition to appearance already on file" in the case on June 7, 1988. This does not appear in the court file.

In addition, although a motion to withdraw was filed on October 21, 1991, by Attorney James T. Shearin of the firm Pullman, Comley, Bradley & Reeves and was granted by the trial court, *Aronson, J.,* on December 17, 1991, nowhere in the court file is an appearance by Shearin to be found.

To add to the confusion, the record does not contain Attorney Gary Greene's disappearance.

[4] Although the court file does indicate that this appearance was filed, the date is illegible.

of a pro se appearance by Sakon, for "the plaintiff . . . in lieu of appearance of attorney . . . Smolnik" on August 27, 1992.[5] This appeal was filed on November 16, 1992, and Sakon signed for the plaintiff, "pro se."

Sakon claims that (1) he is the real party in interest in that he "owns and controls all the interest in the . . . action" and may proceed pro se pursuant to General Statutes § 51-88 (d) (2),[6] (2) the court and parties have waived their rights to object, and (3) it would be inequitable to rule that it is inappropriate for him to be heard in that there is no threat to the public interest.

Any person who is not an attorney is prohibited from practicing law, except that any person may practice law, or plead in any court of this state "in his own cause." General Statutes § 51-88 (d) (2). The authorization to appear pro se is limited to representing one's own cause, and does not permit individuals to appear pro se in a representative capacity. " 'In Connecticut, a corporation may not appear pro se. . . . A corporation may not appear by an officer of the corporation who is not an attorney.' " (Citations omitted.) *Triton Associates* v. *Six New Corp.*, 14 Conn. App. 172, 175–76, 540 A.2d 95, cert. denied, 208 Conn. 806, 545 A.2d 1104 (1988). This is so, despite the fact that the officer may be the principal shareholder of that corpo-

[5] A similar pro se appearance was also filed on October 27, 1992.

[6] Sakon, in his brief, supports this claim citing General Statutes § 51-88 (d) (3). Although he cites this section in at least two instances, we believe this to be a typographical error in that the section cited permits a person to act as an agent or representative for a party in an international arbitration as defined in subsection (3) of General Statutes § 50a-101. Because this is certainly not the case, we assume that he intended to cite General Statutes § 51-88 (d) (2) and proceed on that basis. General Statutes § 51-88 (d) provides in pertinent part: "The provisions of this section shall not be construed as prohibiting . . . (2) any person from practicing law or pleading at the bar of any court of this state in his own cause; or (3) any person from acting as an agent or representative for a party in an international arbitration as denied in subsection (3) of section 50a-101."

ration. Id.[7] "It must be remembered . . . that a 'corporation' is but a fictional 'person,' created by statute and endowed only with those attributes given by statute. See General Statutes c. 599; *Hale* v. *Henkel,* [201 U.S. 43, 74–75, 26 S. Ct. 370, 50 L. Ed. 2d 652 (1906)]. A corporation 'speaks' only by virtue of personification." *Lieberman* v. *Reliable Refuse Co.,* 212 Conn. 661, 674, 563 A.2d 1013 (1989). The Supreme Court of the United States and federal courts of appeal have declared that fictional entities may not appear in civil actions pro se. See *Rowland* v. *California Men's Colony,* U.S. , 113 S. Ct. 716, 721, 121 L. Ed. 2d 656 (1993). "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel. *Osborn* v. *Bank of the United States,* 9 Wheat. 738, 829, 6 L. Ed. 204 (1824); see *Turner* v. *American Bar Assn.,* 407 F. Sup. 451, 476 (N.D. Tex. 1975) (citing the 'long line of cases' from 1824 to [1993] holding that a corporation may only be represented by licensed counsel), affirmance order sub nom. *Taylor* v. *Montgomery,* 539 F.2d 715 (7th Cir. 1976), and aff'd sub nom. *Pilla* v. *American Bar Assn.,* 542 F.2d 56 (8th Cir. 1976). . . . Thus,

---

[7] Before *Triton Associates* was decided, the Superior Court in *Margaret Maunder Associates, Inc.* v. *A-Copy, Inc.,* 40 Conn. Sup. 361, 499 A.2d 1172 (1985), permitted a plaintiff corporation, which had properly appeared pro se in the small claims part of the civil division through its president and sole shareholder who was not an attorney, to continue its action pro se on the regular docket after removal by the defendant. Practice Book § 552, however, permits corporations to be represented by officers in small claims actions, and the court reasoned that because it was only by the defendant's action that the case appeared on the regular docket, the corporation should not be affected. In *Triton,* we stated: "While we need not indicate whether we approve or disapprove of the reasoning or conclusion reached in the *Margaret Maunder Associates* case, its facts and the court's reasoning make it inapplicable to our analysis of the facts presented in this case." *Triton Associates* v. *Six New Corp.,* supra, 14 Conn. App. 176. We find that the facts in *Maunder* are both procedurally and factually distinguishable from this case.

save in a few aberrant cases,[8] the lower [federal] courts have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney. See, e.g., *Eagle Associates* v. *Bank of Montreal,* 926 F.2d 1305 (2d Cir. 1991) (partnership); *Taylor* v. *Knapp,* 871 F.2d 803, 806 (9th Cir.) (nonprofit corporation formed by prison inmates), cert. denied, 493 U.S. 868, 110 S. Ct. 192, 107 L. Ed. 2d 146 (1989); *Jones* v. *Niagara Frontier Transportation Authority,* 722 F.2d 20, 22 (2d Cir. 1983) (corporation); *Richdel, Inc.* v. *Sunspool Corp.,* 699 F.2d 1366 (Fed. Cir. 1983) (per curiam) (corporation); *Southwest Express Co.* v. *ICC,* 670 F.2d 53, 55 (5th Cir. 1982) (per curiam) (corporation); *In re Victor Publishers, Inc.,* 545 F.2d 285, 286 (1st Cir. 1976) (per curiam) (corporation); *Strong Delivery Ministry Assn.* v. *Board of Appeals of Cook County,* 543 F.2d 32, 34 (7th Cir. 1976) (per curiam) (corporation); *United States* v. *9.19 Acres of Land,* 416 F.2d 1244, 1245 (6th Cir. 1969) (per curiam) (corporation); *Simbraw, Inc.* v. *United States,* 367 F.2d 373, 374 (3d Cir. 1966) (per curiam) (corporation)." *Rowland* v. *California Men's Colony,* supra, 113 S. Ct. 721. Thus, the rationale for the rule in corporate cases applies equally to all artifi-

---

[8] "Two federal cases cited by respondent are the only two, of which we are aware, to hold that artificial entities may be represented by persons who are not licensed attorneys: *United States* v. *Reeves,* 431 F.2d 1187 (9th Cir. 1970) (per curiam) (partner can appear on behalf of a partnership), and *In re Holliday's Tax Services, Inc.,* 417 F. Supp. 182 (E.D.N.Y. 1976) (sole shareholder can appear for a closely-held corporation), affirmance order sub nom. *Holliday's Tax Service, Inc.* v. *Hauptman,* 614 F.2d 1287 (2d Cir. 1979). These cases neither follow federal precedent, nor have themselves been followed. See, e.g., *Eagle Associates* v. *Bank of Montreal,* 926 F.2d 1305, 1309–1310 (2d Cir. 1991) (criticizing and refusing to follow *Reeves*); *Jones* v. *Niagara Frontier Transportation Authority,* 722 F.2d 20, 22 n.3 (2d Cir. 1983) (distinguishing and narrowing *Holliday's Tax Services*)." *Rowland* v. *California Men's Colony,* supra, 113 S. Ct. 721 n.5.

cial entities. Id. Our federal courts have earlier articulated their reasons behind this requirement: "[T]he conduct of litigation by a nonlawyer creates unusual burdens not only for the party he represents but as well for his adversaries and the court. The lay litigant frequently brings pleadings that are awkwardly drafted, motions that are inarticulately presented, proceedings that are needlessly multiplicative. In addition to lacking the professional skills of a lawyer, the lay litigant lacks many of the attorney's ethical responsibilities, e.g., to avoid litigating unfounded or vexatious claims." *Jones* v. *Niagara Frontier Transportation Authority*, supra, 722 F.2d 22.

Sakon directs our attention to the Ninth Circuit decision in *United States* v. *Reeves*, 431 F.2d 1187 (9th Cir. 1970), a reported decision of our Superior Court, *Margaret Maunder Associates, Inc.* v. *A-Copy, Inc.*, 40 Conn. Sup. 361, 499 A.2d 1172 (1985), and an unreported memorandum of decision of our Superior Court, *United Illuminating Co.* v. *Res-Comm Investment Associates*, Superior Court, judicial district of New Haven, Docket No. 281801 (August 22, 1991) (ruling on motion to strike appearance of pro se litigant).

The *Reeves* court held that because the Alaska partnership statute provides that each partner has a specific right in partnership property, "[i]t follows that . . . [the appellant-partner], as a member of that partnership, was pleading his own case." *United States* v. *Reeves*, supra, 431 F.2d 1188. On that basis, the court permitted the partnership to be represented by a lay partner. In *United Illuminating*, the trial court first noted that "there is nothing in the file . . . to indicate that 'Res-Comm Investment Associates' is a partnership" and that [Res-Comm Investment Associates] "could very well be an individual proprietorship." *United Illuminating Co.* v. *Res-Com—Investment Associ-*

*ates,* supra. It then stated, "Nevertheless, even if it was a partnership, of which [the pro se litigant] is a member, surely he could file a pro se appearance to represent his own interests in that partnership"; id.; and denied the motion to strike the pro se appearance citing *Reeves* and *Eagle Associates* v. *Bank of Montreal,* 926 F.2d 1305 (2d Cir. 1991) (Van Graafesland, J., concurring).[9]

We agree with the *Eagle* court majority, which stated: "We are not persuaded by the reasoning and conclusions advanced in *Reeves* and its holding appears to conflict with other pronouncements in that circuit. E.g., *Church of the New Testament* v. *United States,* 783 F.2d 771, 773–74 (9th Cir. 1986) (unincorporated associations cannot be represented by laypersons); *McShane* [v. *United States,* 366 F.2d 286, 288 (9th Cir. 1966)] (laypersons may not represent other litigants); *Russell* v. *United States,* 308 F.2d 78, 79 (9th Cir. 1962) (per curiam) (same)." *Eagle Associates* v. *Bank of Montreal,* 926 F.2d 1309. Judge Timbers, opining for the Second Circuit majority in that case, wrote: "Furthermore, we agree with Judge (now Justice) Souter's critical characterization of the *Reeves* decision in *State of New Hampshire* v. *Settle,* 129 N.H. 171, 523 A. 2d 124 (1987). The court in that case addressed the issue of whether an unincorporated association could be represented by a non-attorney officer. In concluding that a lay person could not represent the association, Judge Souter rejected the reasoning of the *Reeves* court: 'The Ninth Circuit construed the provision of 28 U.S.C. § 1654, allowing personal appearance by a party, to permit a lay partner to appear on behalf of a partnership. Although the court reasoned that in representing the partnership he was representing his own interest, this begs the relevant question, which is whether the part-

---

[9] See footnote 6; *Margaret Maunder Associates, Inc.* v. *A-Copy, Inc.,* supra, 40 Conn. Sup. 361.

ner was representing any one else at the same time. Because he was necessarily representing the other partners as well, the *Reeves* court was mistaken in its implicit conclusion that the one partner's appearance effected nothing more than personal representation. *Reeves* was analytical sport, without persuasive claim to be followed.' [*State* v. *Settle,* supra, 129 N.H. 178]." *Eagle Associates* v. *Bank of Montreal,* supra, 1309.

Here, Sakon has filed a pro se appearance to represent Expressway, the appellant. He argues that we should recognize that he is the "real party in interest" in Expressway, and that he could convert the partnership to a sole proprietorship. Unfortunately this court does not adjudicate factual issues and we are bound in this case by the pleadings and factual findings of the trial court. *Adriani* v. *Commission on Human Rights & Opportunities,* 228 Conn. 545, 549, 636 A.2d 1360 (1994). When Sakon attempts to represent the partnership, he is representing more than just himself. We have no idea whether his interests may be incongruous with that of any partners. The record fails to demonstrate anything other than the fact that Expressway is a partnership, and the situation is magnified in that Expressway alleges in its complaint that it is a partnership.

We therefore hold that an individual who is not an attorney and who is a general partner of a partnership may not appear and participate, pro se, in an appeal on behalf of a general partnership. Because the appeal was filed by Sakon, pro se, on behalf of the partnership, the appeal must be dismissed.[10]

---

[10] The requirement that all interested parties of a general partnership be represented either in their own individual capacities, i.e., pro se or by counsel, is a substantive requirement. Noncompliance with such a rule is a "jurisdictional defect that may be raised on the court's own motion." See *Lo Sacco* v. *Young,* 210 Conn. 503, 508, 555 A.2d 786 (1989). Having all the parties in interest before the court invokes subject matter jurisdiction,

The appeal is dismissed.

In this opinion the other judges concurred.

we cannot adjudicate the interests of parties who are not present. Mr. Sakon does not have standing to represent the general partnership. " 'Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. . . .' " (Citations omitted.) *Sadloski* v. *Manchester,* 228 Conn. 79, 84, 634 A.2d 888 (1993).