[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Litchfield Hills Entertainment Corp., d/b/a Video Studio (Video Studio), appeals from a decision of the Board of Review dated February 2, 1994, reversing a prior decision of a referee and holding that the claimant, Rose Hoschke, was entitled to unemployment benefits due to a non-voluntary reduction of her work hours at Video Studio. In exercising its authority over the prior decision of the referee, the Employment Security Board of Review acted pursuant to General Statutes § 31-249. The plaintiff now timely appeals the decision of the Employment Security Board of Review (Board of Review) to the Superior Court under the authority of General Statutes § 31-249b.
II. Procedural History
The certified record of the Employment Security Appeals Division indicates the following procedural history. By a decision issued on September 21, 1992, the unemployment administrator found the claimant eligible for unemployment benefits. Pursuant to General Statutes § 31-241, the employer timely appealed the decision of the administrator. The employer's CT Page 2043 appeal was received at the administrator's office on September 28, 1992. On January 4, 1993, the appeals referee conducted a de novo hearing and mailed its written decision to the parties on January 8, 1993. General Statutes § 31-242. As a result of the hearing, the referee reversed the eligibility finding of the administrator and specifically found that the claimant was ineligible for unemployment benefits because she left work voluntarily without sufficient job-connected cause.
The claimant then timely filed an appeal of the referee's ruling to the Board of Review by an appeal hand delivered to the Board on January 26, 1993. By a decision mailed to the parties on July 12, 1993, the Board of Review remanded the case to the interstate trial referee division and instructed the referee's office to specifically attempt to obtain the claimant's actual time cards or weekly time sheets from Video Studio in order to determine if the claimant's hours had been reduced. At the previous hearing, the employer had only produced a summary of the claimant's work hours. On September 8, 1993, a referee heard the case on remand. By a decision mailed to the parties on October 25, 1993, the referee found that the claimant was ineligible for unemployment benefits because she had left her employment voluntarily without having any job-connected cause. On November 11, 1993, the claimant again appealed the Referee's decision to the Board of Review under General Statutes § 31-249. By a decision mailed to the parties on February 2, 1994, the Board of Review reversed the referee's decision and found the claimant eligible for benefits. In so ruling, the Board of Review specifically found that the employer's inability to produce the employment records that the Board deemed necessary on remand allows it to infer that the information contained therein would support the claimant's assertion that her work hours were reduced.
On February 25, 1994, the employer filed a "Motion to Reopen Decision Received February 3, 1994." The first line of the motion states that "I am filing this appeal . . . ." thus the Board of Review treated the employer's motion as an appeal to the Superior Court pursuant to General Statutes § 31-249b. Having exhausted all of its administrative remedies, the court finds that it has subject matter jurisdiction.
III. Facts
While the procedural history of this case is somewhat CT Page 2044 lengthy, the facts are straightforward. The claimant began work as a video rental clerk on February 1, 1991. She held that position until she quit her employment on September 15, 1991. The claimant asserts that she left her job and decided to move out of state because Video Studio reduced her scheduled work hours. Video Studio asserts that there was no reduction in her work hours, and that the claimant left voluntarily after returning from a previously scheduled vacation. The Board of Review, however, specifically found that the claimant's hours were reduced, that she complained about her cut in hours to no avail, and that she eventually left her job due to the decrease and thus had met her burden of showing a sufficient job related cause. As mentioned previously, the Board of Review reached its decision after concluding that the employer had failed to produce the weekly time sheets of the claimant as it had suggested on remand, and thus drew a negative against Video Studio for its failure.
IV. Discussion
"To the extent that an administrative appeal, pursuant to section 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of of review." United Parcel Service. Inc. v. Administrator, 209 Conn. 381,385, 551 A.2d 724 (1988). The court must not retry the facts nor hear evidence. Id., Reeder v. Administrator,8 Conn. L. Rptr. 168 (Sullivan, J., February 1, 1993).
Attached to the employer's appeal are copies of the time sheets that the employer had been previously requested to produce, but failed to do so. It is important to note, however, that this evidence was never presented to the referee, and it is not part of the record as certified by the Board of Review. Therefore, to consider such information would be improper, and beyond the scope of this court on appeal. Practice Book § 519.
The sole issue in this appeal is whether the claimant left her job because of a reduction of her hours, or because of some other non-job related reasons. The Board of Review, it its decision mailed to the parties on February 2, 1994, found that the claimant has met her burden showing a reduction in her work hours. "It is not [the court's] function to adjudicate questions of fact, nor may it substitute its own conclusions for those of the Board." Cervantes v. Administrator, 177 Conn. 132, 134,411 A.2d 921 (1979). CT Page 2045
In effect, the employer wishes to retry an issue of fact that was already decided below. In addition, the appeal of the employer is procedurally defective in that it is brought in a pro se capacity, but the employer, Video Studio, is in reality a corporation. The appeal of the Video Studio to this court is signed, "Jay J. Fuchs, Pres. for Litchfield Hills Entert. Corp. "
It is a basic principle of Connecticut law that:
 [a] corporation may not appear pro se. . . . A corporation may not appear by an officer of the corporation who is not an attorney. This is so, despite the fact that the officer may be the principle shareholder of that corporation.
 Expressway Associates II v. Friendly Ice Cream Corp. ofConnecticut, 34 Conn. App. 543, 546 (1994).
A review of the record in this file clearly demonstrates that the employer is bringing this action "pro se" but is in realty representing a corporation. It is surprising that no one raised this defect at the administrative level, but it having now been raised on appeal by the attorney general, the court must dismiss the appeal of the employer because a corporation can not prosecute an appeal in this court without an attorney.
For the above stated reasons, the appeal of the employer is dismissed.
Martin, J.