[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Michael T. Burke filed a claim for unemployment compensation benefits against his former employer, the plaintiff, Space Age Printing and Graphics, Inc. (Space Age), of Norwalk. Burke, also referred to as the claimant, contended that, since he was discharged by Space Age involuntarily and without misconduct on his part, he was entitled to benefits. Space Age indicated that Burke was terminated "for failure to adequately fulfill the requirements of the job," and claimed that he was ineligible for unemployment benefits. The named defendant, the administrator of the Unemployment Compensation Act, General Statutes § 31-222
et seq., granted Burke's application for unemployment compensation benefits on the basis that his job had been terminated for reasons other than wilful misconduct on Burke's part.
Space Age appealed the administrator's decision to the employment security appeals division, pursuant to General Statutes §§ 31-241 and 31-242, where it was referred to an appeals referee for a hearing de novo. The referee pointed out that, although the claimant appeared at the hearing scheduled for November 6, 1995, in Bridgeport, Space Age did not appear or request a postponement. In dismissing the appeal for failure to prosecute, the referee also stated that, based on his review of the record, the administrator's decision was "supported by the evidence" and was "consistent with the applicable provisions of the Connecticut Unemployment Compensation Law." Accordingly, the referee affirmed the administrator's decision granting compensation to the claimant.
In accordance with General Statutes § 31-249, Space Age appealed this decision to the employment security appeals division board of review (board), asserting that it had been prevented from attending the hearing because of the press of business. In a decision dated January 24, 1996, the board affirmed the referee's dismissal of the appeal because of failure to prosecute. The board noted that Space Age did not request a postponement of the hearing or demonstrate good cause for its CT Page 9781 failure to attend the scheduled hearing before the referee. The board also stated that the claim of the press of other business did not constitute good cause for failure to attend.
Space Age, hereinafter referred to as the plaintiff, appeals to this court pursuant to General Statutes § 31-249b, contending that its president, Roger Bowler, did not have the time to attend the hearing before the referee in Bridgeport as he was "trying to save [his] company." The board filed a return of record with the court, and a hearing was held before this court on August 2, 1996.
In reviewing an appeal of this nature, the Superior Court has been given twin guideposts. The first was set out in MattatuckMuseum-Mattatuck Historical Society v. Administrator, 238 Conn. 273,278, 679 A.2d 347 (1996) as follows: "[t]he [unemployment compensation] act is remedial and, consequently, should be liberally construed in favor of its beneficiaries. Indeed, the legislature underscored its intent by expressly mandating that the act shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualification in doubtful cases. General Statutes § 31-274(c)." (Internal citations omitted; internal quotation marks omitted.)
The second guidepost indicates that this court's role in reviewing this type of appeal is a rather limited one. "To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations omitted.) United ParcelService, Inc. v. Administrator, 209 Conn. 381, 385-86,551 A.2d 724 (1988); see also Bennett v. Administrator, UnemploymentCompensation Act, 34 Conn. App. 620, 626, 642 A.2d 743 (1994). "As a general rule, `[t]he application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes §§ 31-235 and 31-236 involves mixed CT Page 9782 questions of fact and law in which the expertise of the administrative agency is highly relevant.'" United ParcelService, Inc. v. Administrator, supra, 209 Conn. 386, quotingBurnham v. Administrator, 184 Conn. 317, 323, 439 A.2d 1008
(1981). Moreover, the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration is entitled to "great deference." Griffin Hospitalv. Commission on Hospitals Health Care, 200 Conn. 489, 496,512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781,93 L.Ed.2d 819 (1986); see also Miller v. Administrator, 17 Conn. App. 441,446, 553 A.2d 633 (1989).
In this present appeal, the board correctly points out in its motion for judgment that the plaintiff, a corporation, is attempting to file a pro se appearance in this court. However, "[i]n Connecticut, a corporation may not appear pro se. . . ." (Internal quotation marks omitted.) Expressway Associates II v.Friendly Ice Cream Corp. of Connecticut, 34 Conn. App. 543, 546,642 A.2d 62, cert. denied, 230 Conn. 915, 645 A.2d 1018 (1994). The present appeal is subject to dismissal on this ground alone. Id., 551.
Section 31-237g-26(b)(1) of the Regulations of Connecticut State Agencies provides that if the appealing party fails to appear at a scheduled hearing, the referee may "issue a decision dismissing such appeal . . . due to the failure of the appealing party to prosecute the appeal, if no error is apparent on the face of the record." The referee is also authorized to proceed with the hearing and render a decision on the merits if the referee determines "that good cause exists for doing so." Regs., Conn State Agencies § 31-237g-26(b)(2). Good cause is said to arise if "the documentary record established by the Administrator does not support the Administrator's decision appealed from." Id., § 31-237g-26(b)(2)(B). In the present case, the board determined that the plaintiff had failed to demonstrate good cause for its failure to attend the scheduled hearing and hence the referee was justified in dismissing the appeal.
Even if this court were to analyze the merits of the board's decision, it is clear that Burke was entitled to benefits because he was unemployed and was not disqualified for any reason contained in the statutes or regulations. General Statutes §31-236(a)(2)(B), as it existed prior to October 1, 1995, provides in pertinent part that an individual is ineligible for benefits if he was discharged for "repeated wilful misconduct" or for CT Page 9783 "just cause."[1] Section 31-236-26 of the Regulations of Connecticut State Agencies describes wilful misconduct as an action done "intentionally or deliberately," with the intent that such conduct "have a detrimental effect on his employer."[2] In addition, in order to find that a discharge was made under the provisions of this regulation, the administrator must determine that the individual committed two or more acts of wilful misconduct, not necessarily of the same nature; that the final act which actually caused or triggered the discharge of the employee constituted wilful misconduct; and that the first act of misconduct was committed "within the year immediately preceding the act which precipitated the discharge. . . ." Regs., Conn. State Agencies § 31-236-26(b). Moreover, the regulation indicates that prior warnings of misconduct are to be considered. Id., § 31-236-26(c). There is nothing in the record to indicate that the claimant was fired for any reason other than incompetence as clearly stated by the plaintiff.
The conclusion of eligibility for benefits is within the board's competence and should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkenstein v. Administrator, UnemploymentCompensation Act, 192 Conn. 104, 112, 470 A.2d 1196 (1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113.
The court finds, on the basis of the certified record, that the board was presented with sufficient evidence in the record of this case to justify the conclusions it reached concerning the plaintiff's failure to prosecute the appeal. Therefore, the board's decision is affirmed, and judgment hereby enters dismissing the plaintiff's appeal.
So Ordered.
Dated at Stamford, Connecticut, this 22nd day of November, 1996.
William B. Lewis, Judge