[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants have objected to the plaintiffs' request for leave to amend their complaint which bears a return date of May 2, 1995. The defendants cite no ground for their objection. I have perused the complaint and the amended complaint and can divine no obvious reason why the amendment should not be allowed. See Beckmanv. Jalich Homes, Inc., 190 Conn. 299, 302-303 (1983). It appears that the only purpose of the amendment is to import matters discussed in the recent opinion of the Appellate Court in Srager v.Koenig, 42 Conn. App. 617, cert. denied, 239 Conn. 935, 936 (1996), into the constellation of allegedly wrongful acts pleaded in this matter.
The defendant Timbers has moved to strike this case from the trial list in the event that his objection to the plaintiff's request for leave to amend is overruled. Again, no reason is given for the motion, nor can the court ascertain one. The motion is CT Page 6656 denied.
The objection of the defendants Leslie Srager and Joan Srager purports to be signed by Leslie Srager "Attorney for the Srager Defendants". Leslie Srager represents herself to be an attorney. Written and circled beneath the purported signature of Leslie. Srager, however, are the words "by JWT". "JWT" are the initials of the defendant John W. Timbers. Although Timbers is a lawyer he also is a defendant in this action and, at the time of the filing of the objection, appeared pro se. This does not appear to be proper. "The authorization to appear pro se is limited to representing one's own cause, and does not permit individuals to appear pro se in a representative capacity." Expressway Associates II v. Friendly IceCream, 34 Conn. App. 543, 546, 642 A.2d 62 (1994); see also Johnsonv. Ivimey, 3 Conn. App. 392, 395 (1985).
Subsequent to the filing of that objection, the defendant Timbers has filed an appearance for all defendants.[1] "`The judicial system has a significant interest in regulating attorneys and the attorney-client relationship. . . . In so doing, courts have been mindful that the relationship between an attorney and client must involve personal integrity and responsibility on the part of the lawyer and an equal confidence and trust on the part of the client. . . . The relationship between an attorney and his client is highly fiduciary in its nature and of a very delicate, exacting, and confidential character, requiring a high degree of fidelity and good faith.'" Andrews v. Gorby, 237 Conn. 12, 20, 675 A.2d 449
(1996).
All parties are requested to file concise briefs on or before January 31, 1997 discussing whether Attorney Timbers may continue to represent himself and the other two defendants in this action. In raising this issue, however, the court does not purport to decide it. See, e.g., Napoletano v. CIGNA Healthcare ofConnecticut, Inc., 238 Conn. 216, 224, 680 A.2d 127 (1996); AnnHoward's Apricots Restaurant v. CHRO, 237 Conn. 209, 219,676 A.2d 844 (1996); Jackson v. Commissioner of Correction, 227 Conn. 124,629 A.2d 413 (1993).
Objections #149 and #151 are overruled. Motion #150 is denied. Plaintiff's objection #152 is sustained.[2]
Bruce L. LevinJudge of the Superior Court
CT Page 6657