[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Chris S. Wear ("claimant") filed a claim for unemployment compensation benefits against his former employer, the plaintiff, Wool Ashton Restaurant Management, Inc., of Wilton. The plaintiff operated a restaurant known as Eric Michael's Steak House. The claimant argued that after he was discharged by the plaintiff he was not paid all that was owed him for his work as executive chef at the plaintiff's restaurant. The claimant further argued that he left his job involuntarily and without misconduct on his part, and hence was entitled to benefits. The plaintiff claims that Wear left his employment voluntarily in order to accept employment at another restaurant and that he was ineligible for unemployment benefits. The named defendant, the administrator of the Unemployment Compensation Act, General Statutes § 31-222 et seq., granted Wear's application for unemployment compensation benefits.
The plaintiff appealed the administrator's decision to the employment security appeals division, pursuant to General Statutes §§ 31-241 and 31-242. The matter was referred to an appeals referee for a hearing de novo. The referee dismissed the appeal for failure to prosecute. The referee indicated that the plaintiff did not appear in Bridgeport at the hearing scheduled for July 25, 1996, or request a postponement. The referee also stated that, based on his review of the record, the administrator's decision was consistent with the Connecticut Unemployment Compensation Law. Accordingly, the referee affirmed the administrator's decision granting compensation to the claimant.
The plaintiff moved to reopen the referee's decision as CT Page 13323 authorized by General Statutes § 31-248. This statute allows a decision to be vacated if there is "new evidence or if the ends of justice so require upon good cause shown." The referee, indicating that the plaintiff failed to request a postponement prior to the July 25, 1996 hearing, denied the motion to reopen. The referee found that no new evidence had been presented and good cause was not shown.
The plaintiff appealed this decision to the employment security appeals division board of review (board), in accordance with General Statutes § 31-249, asserting that it had been prevented from attending the hearing or requesting a postponement because of "a last minute business emergency." The board affirmed the referee's dismissal of the appeal in a decision dated October 23, 1996, because of failure to prosecute. The board noted that the plaintiff did not request a postponement of the scheduled hearing before the referee. The board also stated that the plaintiff still had not specified what business emergency allegedly prevented it from attending the hearing before the referee, and hence had not demonstrated good cause for its failure to attend.
The plaintiff then appealed to this court pursuant to General Statutes § 31-249b. The plaintiff argues that its failure to attend the hearing before the referee was "due to a business emergency and personal circumstances beyond the employer's control." The board filed a return of record with the court, and a hearing was held before this court on August 15, 1997.
In reviewing an appeal of this nature, the Superior Court has been given several guideposts. One guidepost states that "[t]he purpose of the unemployment compensation act is to provide income for the worker earning nothing because he is out of work through no fault or act of his own . . . ." (Citations omitted.)Cervantes v. Administrator, 177 Conn. 132, 136, 411 A.2d 921
(1979). Another such guidepost was set out in MattatuckMuseum-Mattatuck Historical Society v. Administrator,238 Conn. 273, 278, 679 A.2d 347 (1996), as follows: "[T]he [unemployment compensation] act is remedial and, consequently, should be liberally construed in favor of its beneficiaries . . . . Indeed, the legislature underscored its intent by expressly mandating that the act shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualifaction in doubtful cases. General Statutes §31-274 (c)." (Citations omitted; internal quotation marks CT Page 13324 omitted.).
The Supreme Court has also indicated that this court's role in reviewing an unemployment compensation appeal is a limited one. "To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence . . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations omitted.) United ParcelService, Inc. v. Administrator, 209 Conn. 381, 385-86,551 A.2d 724 (1988). "As a general rule, `[t]he application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes §§ 31-235 and 31-236
involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant."' Id., 386, quoting Burnham v. Administrator, 184 Conn. 317, 323,439 A.2d 1008 (1981). Moreover, the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration is entitled to great deference. Griffin Hospitalv. Commission on Hospitals Health Care, 200 Conn. 489, 496,512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781,93 L.Ed.2d 819 (1986).
In this present appeal, the board correctly points out in its motion for judgment that the plaintiff, a corporation, is attempting to file a pro se appearance in this court. However, "[i]n Connecticut, a corporation may not appear pro se . . . ." (Internal quotation marks omitted.) Expressway Associates II v.Friendly Ice Cream Corp. of Connecticut, 34 Conn. App. 543, 546,642 A.2d 62, cert. denied, 230 Conn. 915, 645 A.2d 1018 (1994). The present appeal is subject to dismissal on this ground alone. Id., 551.
Even if the court were to reach the merits of this appeal, the result would not change. Section 31-237g-26 (b) (1) of the Regulations of Connecticut State Agencies provides that if the appealing party fails to appear at a scheduled hearing, the CT Page 13325 referee may "issue a decision dismissing such appeal . . . due to the failure of the appealing party to prosecute the appeal, if no error is apparent on the face of the record." The referee is also authorized to proceed with the hearing and render a decision on the merits if the referee determines "that good cause exists for doing so." Regs., Conn. State Agencies § 31-237g-26 (b) (2). Good cause is said to arise if "the documentary record established by the Administrator does not support the Administrator's decision appealed from." Id., § 31-237g-26
(b) (2) (B). In the present case, the board determined that the plaintiff had failed to demonstrate good cause for its failure to attend the scheduled hearing and hence the referee was justified in dismissing the appeal.
The conclusion of eligibility for benefits is within the board's competence and should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkenstein v. Administrator, UnemploymentCompensation Act, 192 Conn. 104, 112, 470 A.2d 1196 (1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113.
The court finds, on the basis of the certified record, that the board was presented with sufficient evidence in the record to justify the conclusion it reached concerning the plaintiff's failure to prosecute the appeal. Therefore, the defendant board's motion for judgment dated January 24, 1997, is granted. The board's decision is affirmed, and judgment hereby enters dismissing the plaintiff's appeal.
So Ordered.
Dated at Stamford, Connecticut, this 9th day of December, 1997.
William B. Lewis, Judge