[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#113)
On February 3, 1998, the plaintiff, Daniel P. Weiner, filed a one count complaint seeking attorney's fees against the estate of Philip D'Acunto. Anthony and Mark D'Acunto, co-administrators of CT Page 8717 the estate, are named as co-defendants. The plaintiff claims that he had provided Philip D'Acunto with legal services prior to his death and that at the time of his death, Philip D'Acunto owed the plaintiff over $12,000 in legal fees. In April, 1997, the plaintiff notified the defendants in their capacity as co-administrators of his claim against the estate of Philip D'Acunto, which the defendants denied.
On February 10, 1998, Mark D'Acunto entered a pro se appearance. Subsequently, the plaintiff submitted a motion for default for failure to appear against both of the named defendants. The plaintiffs motion was granted as to Anthony D'Acunto and denied as to Mark D'Acunto. On March 10, 1998, Mark D'Acunto answered the complaint and asserted a special defense. On April 24, 1998, the co defendant, Anthony D'Acunto, entered an appearance through his attorney, David Lasnick, who represented that he was appearing for Anthony D'Acunto and the estate of Philip D'Acunto. On April 30, 1998, the plaintiff filed a motion to strike the pro se appearance of Mark D'Acunto on the grounds that Mark D'Acunto may not file a pro se appearance in his representative capacity, as co-administrator of the estate of Philip D'Acunto.
"The function of a motion to strike is to test the legal sufficiency of a pleading. . ." Napoletano v. CIGNA Healthcareof Connecticut. Inc., 238 Conn. 216, 232-33, 680 A.2d 127
(1996). A motion to strike has been used, however, to strike a pro se appearance. See Emtec Engineering v. Administrator, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 034168 (February 21, 1991, Fuller, J.) (3 CONN. L. RPTR. 280) (court permitted use of a motion to strike to challenge pro se appearance of plaintiff corporation); Long v.Delarosa, Superior Court, judicial district of New Haven Housing Session at Meriden, Docket No. 124880 (February 1, 1995) (Silbert, J.) (court struck plaintiff pro se appearance).
The plaintiff argues that the pro se appearance of Mark D'Acunto is improper and that a pro se appearance is limited to representing one's own cause of action. The plaintiff maintains that the co-defendant Mark D'Acunto is not representing his own interest, but as co-administrator he also represents the interests of the beneficiaries of the estate of Philip D'Acunto. Therefore, Mark D'Acunto's pro se appearance violates General Statutes § 51-88 (d)(2) and does not meet the exception which authorizes a pro se appearance for one's own cause of CT Page 8718 action.
"Any person who is not an attorney is prohibited from practicing law, except that any person may practice law, or plead in any court of this state `in his own cause.' General Statutes § 51-88 (d)(2). The authorization to appear pro se is limited to representing one's own cause, and does not permit individuals to appear pro se in a representative capacity."Expressway Associates II v. Friendly Ice Cream Corp. ofConnecticut, 34 Conn. App. 543, 546. 642 A.2d 62, cert. denied,230 Conn. 915, 645 A.2d 1018 (1994).
In the present case, the plaintiff has sued Mark D'Acunto in his representative capacity as a co-administrator of the estate of Philip D'Acunto. Mark D'Acunto has entered an appearance as a co-administrator. However, he does not represent his own interests, but as the plaintiff argues, the interests of the beneficiaries of the estate of Philip D'Acunto. A co-administrator is a fiduciary pursuant to General Statutes § 45a-199.[1]
"[A]n executrix has a fiduciary responsibility to maintain an undivided loyalty to the estate; . . . and must diligently represent the rights of the heirs and distributees and also those of creditors. . . [A]n executrix must remain loyal to the estate that she is administering and must not act out ofself-interest or for the interests of parties other than theheirs, distributees, and creditors of the estate." (Emphasis added.). Hall v. Schoanwetter, 239 Conn. 553,558-559, 686 A.2d 980 (1996). Mark D'Acunto as a co-administrator would bear a legal duty similar to that of the executrix in Hall, since both an executrix and administrator are considered fiduciaries pursuant to §45a-199. Because the duties of a fiduciary include representing the interests of heirs and distributees, it would follow that by filing an appearance as a co-administrator, Mark D'Acunto does not represent his own interests, but the interests of the heirs and distributees of the estate of Philip D'Acunto. Viewing the requirements of General Statutes § 51-88[2] in light of Mark D'Acunto's duties as a co-administrator, his pro se appearance is impermissible.
Normally, the proper method to contest an improper pro se appearance is a motion for default for failure to appear pursuant to Practice Book 352. R.R. Donnelly Sons v. Grey Castle Press, Superior Court, judicial district of Litchfield, Docket No. 059244 6 CONN. L. RPTR. 578 (June 18, 1992) (Pickett, J.); see also Triton Associates v. Six New Corporation,14 Conn. App. 172, 176, 540 A.2d 295, CT Page 8719 cert. denied, 208 Conn. 806, 545 A.2d 1104 (1998) (upholding the trial court's finding of an improper pro se appearance on a motion for default for failure to appear). In the present case, the plaintiff filed a motion for default for failure to appear. However, the trial court denied this motion as to Mark D'Acunto due to his pro se appearance. A similar circumstance occurred inEmtec Engineering, supra, 3 CONN. L. RPTR. 280. In Emtecengineering, the defendant filed a motion to strike a pro se appearance on the grounds that the plaintiff, a corporation, could not make an appearance through an officer of the corporation. The defendant had filed a motion for default for failure to appear, which the court denied, stating the proper motion was a motion to strike the appearance. In ruling upon the motion to strike the court found that, "Under the circumstances, since the prior motion [for default for failure to appear] was denied, the motion to strike the appearance of the corporation is granted." Emtec engineering v. Administrator, supra. Since the defendant, Mark D'Acunto, improperly filed a pro se appearance in present case, the court may rectify the denial of the motion for default for failure to appear as to Mark D'Acunto by following the ruling of the court in Emtec Engineering.
Because Mark D'Acunto as a co-administrator does not represent his own interests, but represents the interests of the heirs and distributees of the estate of Philip D'Acunto, the plaintiff motion to strike Mark D'Acunto's pro se appearance is granted.
So Ordered.
Dated at Stamford, Connecticut, this day of August, 1998.
William B. Lewis, Judge