[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANTS' MOTION TO STRIKE (#102)
This memorandum addresses the motion to strike submitted by the defendants AAAA Legal Services, P.C. (AAAA) and Neil Johnson, Esq. under date of June 2, 2000 (#102). Through this motion, these defendants seek to strike the complaint dated March 17, 2000. The complaint and civil summons forms identify two plaintiffs, Mark Schwartz d/b/a GMH Realty and Harold Rosenthal d/b/a GMH Realty, who have brought this suit to recover damages from AAAA, Johnson, and other legal representatives,[1] based on vexatious litigation and abuse of process in prior litigation against the entity identified in the complaint as "GMH Realty".
Complaint dated March 17, 2000. AAAA and Johnson assert that the plaintiffs lack legal capacity sufficient to bring forth a claim on behalf of GMH Realty, which the defendants identify in their motion as a "dissolved corporation", and who is the true plaintiff in interest. Motion to Strike (#102). The defendants specifically claim that Schwartz and/or Rosenthal have improperly attempted to serve as GMH Realty's corporate legal representative in the present action, and that such representation is prohibited because the plaintiffs are not licensed to practice law. Id. For this reason, the defendants AAAA and Johnson claim that the plaintiffs' entire complaint should be stricken.
The plaintiffs raise two related grounds in objecting to the motion to strike. First, they claim that because GMH Realty does not exist as a corporation, but as a partnership, the defendants' arguments hold little weight. Second, they claim that individual partners may represent the GMH Realty partnership pursuant to the application of General Statutes § CT Page 1408334-328, Memorandum of Law in Opposition to Defendants' Motion to Strike (#105). The issue before the court thus is whether a partner or partners may bring forward a pro se action where the injury claimed is to an entity known as GMH Realty. While deferring any evaluation of the merits of the cause of action, the court finds the present motion in favor of the defendants.
The motion to strike and the fundamental issues raised by both parties have focused the court's attention upon the roles likely to be played by Schwartz and/or Rosenthal in the prosecution of this lawsuit. As noted, the complaint identifies "Mark Schwartz d/b/a GMH Realty and Harold Rosenthal d/b/a GMH Realty" as the plaintiffs in this action. The complaint and the statement of amount in demand, dated March 17, 2000, were each signed by both Mark Schwartz and Harold Rosenthal as "Plaintiffs". The civil summons form reveals that "Mark Schwartz, P.O. Box 370052, W. Hartford, CT 06137-0052" has been entered in the space labeled "Name and Address of Attorney, Law Firm or Plaintiff if Pro Se." A Motion for Default for Failure to Plead, dated June 1, 2000 (#104.10), was submitted on behalf of the plaintiffs over the signatures of both Schwartz and Rosenthal. The Memorandum of Law in Opposition to Defendants' Motion to Strike, dated June 9, 2000 (#105) and submitted by "The Plaintiff", was signed by "Mark Schwartz", on behalf of "Mark Schwartz d/b/a GMH Realty," as was the Notification of Oral Argument, dated June 22, 2000. From these documents the court concludes, as the defendants apparently have done, that Schwartz and/or Rosenthal intended through this action to represent GMH Realty, the entity which had been the subject of the prior litigation noted in the complaint.
Our appellate courts have not yet clearly identified whether a motion to strike is an appropriate procedural vehicle for use when contesting the propriety of a plaintiff's pro se appearance in a matter such at this. Generally, it is acknowledged that "[t]he purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation mark omitted; emphasis added.) Peter-Michael, Inc.v. Sea Shell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998);Napoletano v. CIGNA Healthcare of Connecticut, Inc., 238 Conn. 216,232-33, 680 A.2d 127 (1996). Nonetheless, a motion to strike has been favorably received at the trial court level when used in testing the sufficiency of a pro se appearance that was entered on behalf of a partydefendant.[2] See Weiner v. D'Acunto, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 163643 (August 12, 1998,Lewis, J.); Valiant Ins. Co. v. Nurse Network, LLC, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 578083 (September 25, 1998, Hennessey, J.). Where, as here, a plaintiff's pro se status is challenged, this court finds that the motion to strike presents CT Page 14084 a similarly reasonable method for determining the legal adequacy of that party's appearance, while reserving attention to the substantive merits of the pending cause of action. See, e.g., Emtec Engineering v.Administrator, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 034168 (February 21, 1991, Fuller, J.) (motion to strike used to challenge pro se appearance of plaintiff corporation)[3]
see also Long v. Delarosa, Superior Court, judicial district of New Haven, Housing Session at Meriden, Docket No. 124880 (February 1, 1995,Silbert, J.) (court struck plaintiff's pro se appearance which was derived from a durable power of attorney). Other trial courts have suggested that the correct method of testing the adequacy of a plaintiff's appearance is through a motion for nonsuit for failure to file an appearance. See, e.g., Teixeira v. Miranda, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 328017 (April 3, 1998,Thim, J.). It has also been suggested that the issue of the proper appearance of parties implicates subject matter jurisdiction, so that a motion to dismiss could be presented in order to obtain the court's attention to the issue. For instance, in Expressway Associates II v.Friendly Ice Cream Corp. of Connecticut; 34 Conn. App. 543, 551-52 n. 10, 642 A.2d 62, cert. denied, 230 Conn. 915, 645 A.2d 1018 (1994); the court noted that the question of whether a general partner, who had entered a pro se appearance on behalf of the partnership, lacked standing to represent the partnership, effectively raised the issue of subject matter jurisdiction. In the present matter, however, the defendants have presented a motion to strike in lieu of the motion to dismiss or for nonsuit, without procedural challenge by the plaintiffs. Accordingly, the court will attend to the motion to strike by examining the sufficiency of the plaintiffs' status as pro se parties in this action.[4]
Schwartz argues that he and Rosenthal are legally entitled to represent GMH Realty because they have been partners in this entity. For this proposition, the plaintiffs indicate global reliance upon § 34-328, without other authority.[5] Memorandum of Law in Opposition (#105). A close reading of the text of that legislation, however, indicates that while § 34-328 establishes the manner in which actions may be brought by and against partnership, the statute contains no reference to a partner's authorization to represent the partnership in legal proceedings such as the present litigation. For this reason, the court finds the plaintiffs' interpretation of § 34-328 to be overly broad and unavailing.
Aspects of the defendants' arguments in support of their motion to strike the complaint are unavailing, as well. By submitting a copy of a certificate of dissolution from the secretary of state referring to "GMH Realty, Inc." the defendants have provided the court with information which exceeds the bounds of the pleadings. This certificate purports to CT Page 14085 establish first that "GMH Realty, Inc." has been dissolved, and second, that Schwartz and Rosenthal were the sole directors and officers for that corporation. Through their similarly "speaking" Memorandum of Law, Schwartz and Rosenthal explain that they are not attempting to represent a corporation, but that they are "partners" in "GMH Realty [which] is a partnership doing business in Connecticut," rendering them legally entitled to represent that partnership. Memorandum of Law in Opposition to Defendants' Motion to Strike (#105). At this stage of the proceedings, in the absence of evidence on the subject or relevant allegations in the complaint, it is unclear whether Schwartz and Rosenthal actually are or have been either partners in a partnership, or officers in a corporation, doing business as GMH Realty. It is clear, however, that both the plaintiffs' and the defendants' arguments rely heavily upon facts which have not been alleged in the complaint, and which therefore cannot be the subject of the court's concern.[6]
Whether GMH Realty is a corporation or a partnership in the context of the pending complaint, and whether Schwartz and/or Rosenthal are members of a corporation or members of a partnership, neither person may appear in this matter on the entity's behalf.[7] It is generally true that, as the plaintiffs claim, a partnership may bring a cause of action, and may be sued in its own right. See § 34-328. However, our law clearly limits Schwartz's and/or Rosenthal's opportunities to represent GMH Realty's interests in a court proceeding. "The right to bring a claim against another does not necessarily imply the right to prosecute thatclaim pro se. It is well established, for example, that a non-attorney officer of a corporation may not file such an appearance on the corporation's behalf Triton Associates v. Six New Corporation, et al,14 Conn. App. 172, 175-76, 540 A.2d 95, cert. denied, 208 Conn. 806,545 A.2d 1104 (1988). Nor may a general partner who is not an attorney file a pro se appearance on behalf of the partnership. ExpresswayAssociates II v. Friendly Ice Cream Corp. of Connecticut,34 Conn. App. 543, 642 A.2d 62 (1994). The logic of cases that reach that conclusion is applicable to this situation as well. `The authorization to appear pro se is limited to representing one's own cause, and does not permit individuals to appear pro se in a representative capacity.'34 Conn. App. at 546." (Emphasis added.) Long v. Delarosa, supra. Accordingly, neither Schwartz nor Rosenthal, as individuals, may lawfully represent GMH Realty, whether the enterprise is a corporation or a partnership. Thus, the motion brought by AAAA and Johnson, asking the court to find that the plaintiffs have "insufficient legal capacity to bring forth a claim," must be granted. Motion to Strike (#102).
Even it the defendants' motion is more narrowly construed, however, and not viewed as designed to test the capacity of Schwartz and/or Rosenthal to bring the present action on behalf of GMH Realty, it would be proper CT Page 14086 for this court to strike Schwartz's appearance suo moto, and to relegate Rosenthal to similar status. Woodward Tiny Tot Furniture, Inc. v. SilverRattle, Inc., Superior Court, judicial district of Hartford at Hartford, Docket No. 92-0511214 (Jul. 7, 1992; Shea, S.T.R.) (striking, suo moto, an officer's pro se appearance on behalf of a corporation). "General Statutes 51-84 prohibits the practice of law by persons not licensed to do so in this state. Representing a defendant in a law suit is undoubtedly the practice of law. The statutory exception of `any person . . . practicing law or pleading at the bar of any court of this state in his own cause' is not applicable to allow one who is not an attorney to represent a corporation, except in small claims matters. American Sandand Gravel, Inc. v. Clark Fray Construction Co., Conn. Civ. Ct. 284, 285-6 (163); see Practice Book 552 [now Practice Book § 24-6]. A corporation itself cannot practice law or do so through its officers or employees who are not licensed as attorneys. State Bar Assoc. v.Connecticut Bank and Trust Co., 145 Conn. 222, 234 (1958)." Woodward TinyTot Furniture, Inc. v. Silver Rattle, Inc., supra. Woodward Tiny TotFurniture, Inc. v. Silver Rattle, Inc., Superior Court, judicial district of Hartford at Hartford, Docket No. 92-0511214 (Jul. 7, 1992; Shea,S.T.R.). Such analysis is equally pertinent to the plaintiffs in this case, who have attempted to represent a partnership in a civil action. A partnership itself cannot practice law or do so through its partners who are not licensed as attorneys. Id. Accordingly, the plaintiffs have insufficient capacity to serve as the legal representatives of GMH Realty in this matter.
In granting the motion to strike the motion to strike an4 in acknowledging the plaintiffs' insufficiency insofar as their capacity to represent either a corporation or a partnership is concerned, the court adopts the reasoning and protocol suggested by Emtec Engineering, Inc.v. Administrator, and Woodward Tiny Tot Furniture, Inc. v. SilverRattle, Inc., supra. Woodward Tiny Tot Furniture, Inc. v. Silver Rattle,Inc. supra. Although the formal appearance of Mark Schwartz is hereby stricken from the case, as is the inferred appearance of Harold Rosenthal, the merits of the cause of action have not been disturbed. The putative plaintiffs are thus enabled to secure counsel who can properly present the interests of GMH Realty. 1f within forty-five (45) days of receiving notice of this decision, a proper appearance has not been entered for the plaintiff, the defendants may file a motion for nonsuit for failure to appear, which will be heard, in turn, by the court. Id.
WHEREFORE, the motion to strike submitted by the defendants AAAA Legal Services (AAAA) and Neil Johnson under date of June 2, 2000 (#102) is hereby GRANTED as to the appearance of "counsel" for the plaintiffs.
BY THE COURT, CT Page 14087
N. Rubinow, J.