******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

SUZETTE BROWN *v.* EDWIN NJOKU ET AL.
(AC 38022)

Lavine, Beach and West, Js.

*Argued December 7, 2016—officially released January 17, 2017*

(Appeal from Superior Court, judicial district of
Hartford, Wiese, J.)

*Edwin Njoku*, self-represented, the appellant
(named defendant).

*Mark J. Migliaccio*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. Following a trial to the court, the self-represented defendant, Edwin Njoku, appeals from the judgment rendered by the court in favor of the plaintiff, Suzette Brown. On appeal, the defendant claims that the court (1) erred by failing "to enter an appearance" for Christus Medical Group, P.C. (business),[1] (2) abused its discretion by denying his request for a continuance, (3) improperly found that the plaintiff had sustained her burden of proof, and (4) denied him the right to due process and a fair trial by failing to let him participate in "trial management" and to oppose a trial to the court. We affirm the judgment of the trial court.

The record discloses the following facts. The plaintiff commenced the present action on July 22, 2013. In her complaint, she alleged five counts: three against the defendant, i.e., battery, negligent infliction of emotional distress, and intentional infliction of emotional distress; and two against the business, i.e., negligent supervision and respondeat superior. In its memorandum of decision, the court found that the plaintiff was a patient of the defendant, a physician, from whom she sought medical treatment for injuries she sustained in a motor vehicle accident that occurred in July, 2010. The plaintiff went to the defendant's office for treatment between July and October, 2010. During her visits, the defendant inappropriately touched the plaintiff's buttocks and breasts. The defendant's physical contact with the plaintiff was unrelated to appropriate medical care. As a proximate cause of the defendant's inappropriate touching, the plaintiff sustained emotional injuries and was traumatized by the defendant's unwanted sexual advances. The court awarded the plaintiff $35,000 as fair, just, and reasonable compensation for the defendant's tortious conduct. The defendant appealed from the court's judgment.

The defendant has raised four claims on appeal. He first claims that the court erred by failing "to enter an appearance" on behalf of the business. At trial, the defendant appeared as a self-represented,[2] or pro se, party and sought to file an appearance on behalf of the business of which he was the sole owner. The defendant is not a member of the bar. "Any person who is not an attorney is prohibited from practicing law, except that any person may practice law, or plead in any court of this state 'in his own cause.' General Statutes § 51-88 (d) (2). The authorization to appear pro se is limited to representing one's own cause, and does not permit individuals to appear pro se in a representative capacity." *Expressway Associates II* v. *Friendly Ice Cream Corp. of Connecticut*, 34 Conn. App. 543, 546, 642 A.2d 62, cert. denied, 230 Conn. 915, 645 A.2d 1018 (1994). The defendant had no authority to represent the business. The court, therefore, properly defaulted the business for failure to appear.

We are unable to review the defendant's remaining claims that the court abused its discretion by failing to grant him a continuance, denying him the right to participate in "trial management" and to oppose a trial to the court, and finding that the plaintiff had sustained her burden of proof due to the fact that the record is inadequate to review the claims and the claims are inadequately briefed. The defendant's brief consists primarily of his view of the facts.

"It is well settled that [we] are not required to review claims that are inadequately briefed. . . . We consistently have held that [a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . [F]or this court judiciously and efficiently to consider claims of error raised on appeal . . . the parties must clearly and fully set forth their arguments in their briefs. We do not reverse the judgment of a trial court on the basis of challenges to its rulings that have not been adequately briefed. . . . The parties may not merely cite a legal principle without analyzing the relationship between the facts of the case and the law cited. . . . [A]ssignments of error which are merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be reviewed by this court." (Internal quotation marks omitted.) *Clelford* v. *Bristol*, 150 Conn. App. 229, 233, 90 A.3d 998 (2014); see also Practice Book §§ 61-10 and 67-4.

The judgment is affirmed.

[1] The business also was named as a defendant but failed to appear through counsel in the trial court. The court, therefore, rendered a default judgment against it. The business is not a party to this appeal. In this opinion, we refer to Njoku as the defendant.

[2] We note that the defendant was convicted of charges unrelated to the facts of the present case. At the time of the trial and the present appeal, the defendant was incarcerated.