[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Juan A. Otero ("claimant") filed a claim for unemployment compensation benefits against his former employer, the plaintiff, Gerbert Sons, Inc. Otero claimed that his employment as a landscaper had been terminated improperly on or about August 29, 1996, and that he was entitled to benefits. The employer contended that Otero was terminated because he had been absent from work and tardy on a number of occasions. The employer argues, therefore, that the claimant was ineligible for unemployment benefits. The named defendant, the administrator of the Unemployment Compensation Act, General Statutes § 31-222
et seq., denied Otero's application for unemployment compensation benefits on the basis that he had engaged in wilful misconduct by virtue of absences and tardiness.
Otero appealed the administrator's decision to the Employment Security Appeals Division, pursuant to General Statutes §§31-241 and 31-242. The matter was referred to an appeals referee for a hearing de novo. The referee stated that the issue was whether Otero had been discharged for repeated wilful misconduct. The referee made the following factual findings: (1) the claimant did not appear for work on August 26, 1996, because he had been arrested the previous day due to a domestic dispute and was not permitted to return to his home until late in the evening of August 26, 1996; (2) the claimant did not attempt to contact his employer in advance to advise of his absence; (3) the claimant also had failed to appear for work on a day in July, 1996, again without prior notification to his employer; and (4) according to the employer, the claimant had been late for work about five times during the approximately six months he worked for the employer. The referee concluded that Otero had not committed wilful misconduct because the employer had not documented three separate absences from work, and had not shown that Otero's tardiness was excessive. Accordingly, the referee reversed the administrator's decision denying benefits.
The employer appealed this decision to the Employment Security Appeals Division Board of Review (board) in accordance with General Statutes § 31-249. The employer argued that its former employee, the claimant, had engaged in wilful misconduct. The employer stated that Otero had missed four separate days of work in July, 1996, without notifying the employer of the absences. The employer also contended that on one occasion in August of 1996, the claimant left work early without advising the employer. However, the board concluded in a decision dated January 21, 1997, after reviewing the record, including a tape CT Page 13862 recording of the hearing before the referee, that the employer only documented two absences, one in July of 1996, and the other in August of 1996. The board pointed out that an employer is required to document at least three absences before an employee can be deemed to have engaged in wilful misconduct. The board also concluded that the employer had not demonstrated how many times or on what specific dates the claimant was tardy, or that the claimant had been warned about the results of such tardiness. Thus, the board adopted the referee's findings and affirmed the decision granting benefits to the claimant on the basis that he had not engaged in wilful misconduct.
The employer moved to reopen the board's decision as authorized by General Statutes § 31-249a (b). This statute allows a decision to be vacated if there is "new evidence or if the ends of justice so require upon good cause shown." The employer's motion sought leave to present additional evidence to the board concerning the claimant's absences from work. The board denied the request, noting that the employer had been advised to present all its evidence before the referee and had failed to do so.
The employer, hereinafter referred to as the plaintiff, appeals to this court, pursuant to General Statutes §31-249b. The plaintiff argues that the claimant engaged in wilful misconduct by virtue of his absences from work and tardiness, and therefore is ineligible for benefits. The plaintiff argues that it supplied time cards relating to the claimant's tardiness to the board, but acknowledged that it had not supplied the referee with such cards. In addition, the plaintiff disputes the requirement that there be at least three absences from work in order for there to be a finding of wilful misconduct. The board filed a return of record with the court, and a hearing was held before this court on August 15, 1997.
"[T]he purpose of the unemployment compensation act is to provide income for the worker earning nothing because he is out of work through no fault or act of his own . . . ." (Citations omitted.) Cervantes v. Administrator, 177 Conn. 132, 136,411 A.2d 921 (1979). "[T]he [unemployment compensation] act is remedial and, consequently, should be liberally construed in favor of its beneficiaries . . . . Indeed, the legislature underscored its intent by expressly mandating that the act shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualification in doubtful CT Page 13863 cases. General Statutes § 31-274 (c)." (Citations omitted; internal quotation marks omitted.). Mattatuck Museum-MattatuckHistorical Society v. Administrator, 238 Conn. 273, 278,679 A.2d 347 (1996).
The Supreme Court has also indicated that this court has a limited role when reviewing an unemployment compensation appeal. "To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence . . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations omitted.) United ParcelService, Inc. v. Administrator, 209 Conn. 381, 385-86,551 A.2d 724 (1988). "As a general rule, `[t]he application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes §§ 31-235 and 31-236
involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant.'" Id., 386. Moreover, the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration is entitled to great deference. Griffin Hospital v. Commission onHospitals Health Care, 200 Conn. 489, 496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781, 93 L.Ed.2d 819
(1986).
Furthermore, in reviewing this appeal, General Statutes §31-249b is noted. This statute provides, in pertinent part: "[I]n any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by section 519 of the Connecticut Practice Book." Practice Book § 519 (a) provides in pertinent part: "The court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of CT Page 13864 witnesses." Furthermore, Practice Book § 515A provides in pertinent part that if an appellant wants the board's findings corrected, he must, within two weeks after the record is filed with the court, "file with the board a motion for the correction of the finding" accompanied by either portions of or the entire transcript.
Practice Book § 519 (b) provides in pertinent part: "Corrections by the court of the board's finding will only be made upon the refusal to find a material fact which was an admitted or undisputed fact, upon the finding of a fact in language of doubtful meaning so that its real significance may not clearly appear, or upon the finding of a material fact without evidence." In Calnan v. Administrator, 43 Conn. App. 779,785, 686 A.2d 134 (1996), the court stated that filing a motion with the board for correction of the findings is "a necessary prerequisite to a challenge to the board's decision." AccordChavez v. Administrator, 44 Conn. App. 105, 106-7, 686 A.2d 1014
(1997). Thus, in the absence of a motion by the plaintiff to correct pursuant to Practice Book § 515A, the board's factual findings and those conclusions which are based on the weight of the evidence and the credibility of witnesses cannot be challenged.
Furthermore, in the present appeal, the administrator has also correctly pointed out in the motion for judgment that the plaintiff, a corporation, is attempting to file a pro se appearance in this court. However, "[i]n Connecticut, a corporation may not appear pro se . . . ." (Internal quotation marks omitted.) Expressway Associates II v. Friendly Ice CreamCorp. of Connecticut, 34 Conn. App. 543, 546, 642 A.2d 62, cert. denied, 230 Conn. 915, 645 A.2d 1018 (1994). The present appeal is subject to dismissal on this ground alone. Id., 551.
Moreover, even if the court were to reach the merits of the appeal, the result would not change. The issue is whether "the decision of the board was logically and rationally supported by the evidence, and was not unreasonable, arbitrary, illegal or an abuse of the board's discretion." Calnan v. Administrator, supra,43 Conn. App. 785.
General Statutes 31-236 (a) (2) (B), as amended by 1995, Public Act 95-323 § 3, provides in pertinent part that an individual is ineligible for benefits if he was discharged for "wilful misconduct in the course of his employment," or for "just CT Page 13865 cause." Wilful misconduct in the context of absence from work means "an employee must be absent without notice for three separate instances within an eighteen-month period."
Section 31-236-26c (a) of the Regulations of Connecticut State Agencies provides that "[d]isqualification requires some combination of three absences for good cause but without notice and/or absence without good cause."[1] Subsection (b) provides that the administrator "must find that the individual failed without justification, for three separate instances within an eighteen-month period to take those steps reasonably necessary to provide proper notification of each absence for good cause to his employer and the reason therefor." Subsection (c) states that an individual is justified in not notifying his employer of an absence "if such failure was due to compelling circumstances which would have prevented a reasonable person in the same situation from complying with the employer's prescribed method of notice." Subsection (d) describes "proper notification" as "notification through any reasonable method prescribed by the employer." Subsection (e) defines "good cause" as "any compelling personal circumstance which would normally be recognized by the individual's employer as a proper excuse for absence, or which would prevent a reasonable person under the same conditions from reporting to work." This subsection then provides several examples of good cause, including "personal illness or injury which prevented the individual from working; unexpected and urgent compelling personal responsibilities; and unexpected transportation problems over which the individual has no control."
In terms of tardiness, Section 31-236-28 of the proposed regulations states that tardiness constitutes "wilful misconduct" only if "[t]he tardiness or pattern of tardiness constitutes a knowing violation of a reasonable and uniformly enforced rule or policy of the employer, when reasonably applied, as defined in Section 31-236-26b of these regulations." This latter regulation requires a finding that the individual knew or should have known of the rule or policy, or such rule or policy was effectively communicated to the employee, and that the individual knew or should have known that his conduct violates such rule or policy.
The court agrees with the board that only two of Otero's absences from work were documented by the plaintiff, and that the evidence of tardiness did not justify a finding by the referee of wilful misconduct. The board's determination granting benefits to CT Page 13866 the claimant is substantiated by the record of this case, and was within the board's competence and therefore should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkensteinv. Administrator, 192 Conn. 104, 112, 470 A.2d 1196 (1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113.
The court finds, on the basis of the certified record, that the board was presented with sufficient evidence in the record of this case to justify the conclusions it reached concerning the lack of wilful misconduct. Therefore, the defendant board's motion for judgment dated July 10, 1997, is granted. The board's decision is affirmed, and judgment hereby enters dismissing the plaintiff's appeal.
So Ordered.
Dated at Stamford, Connecticut, this 10th day of December, 1997.
William B. Lewis, Judge