[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Joan Milone, hereinafter referred to as the claimant, filed a claim for unemployment compensation benefits against her former employer, Ullo International, Inc. (Ullo), of Norwalk, which specializes in producing trade shows. The claimant had been employed for six days as a production manager. The claimant stated that she left her employment because she had been promised a position with creative and management functions, but found, to the contrary, that she was only coping with emergencies of a more clerical nature. Ullo contends that Milone voluntarily left her job on April 9, 1997, and hence was ineligible for unemployment benefits.
An examiner for the named defendant, the administrator of the Unemployment Compensation Act, General Statutes § 31-222 et seq., denied the claimant's application for unemployment compensation benefits on the basis that she had left her job voluntarily and without sufficient cause attributable to the employer. The examiner also ruled that the claimant did not seek adjustments to her job responsibilities from her employer.
The claimant appealed the administrator's decision to the employment security appeals division, pursuant to General Statutes §§ 31-241 and 31-242, where it was referred to an appeals referee for a hearing de novo. The claimant said she disagreed with the decision denying her benefits because Ullo had made a "gross misrepresentation" regarding her job and that she was not given the position as advertised and for which she was hired.
The referee found that: (1) the claimant left her job because she had been hired to do planning, but actually was told to perform "hands on work;" (2) the claimant was advised that Ullo had hired a marketing associate who would be involved in planning and advertising, functions which the plaintiff believed would be her responsibilities; (3) the job itself was "substantially different" from the job as advertised and therefore the claimant was justified in leaving work within a reasonable "trial period;" and (4) after deciding to leave, the claimant spoke with upper management at Ullo who advised that "hands on duties" were part of the claimant's job and that the claimant had no reasonable alternative except to leave her employment. CT Page 14516
The referee concluded that the claimant left her employment for good cause attributable to the employer. Thus, the referee reversed the administrator's decision denying the award of benefits.
In accordance with General Statutes § 31-249, the employer, Ullo, appealed this decision to the employment security appeals division board of review (board). The employer asserted that it had been made clear to Milone at the time of hiring that her responsibilities included the execution of plans and some hands on administrative work, not just management duties. The employer also stated that at the time the claimant was hired, she knew exactly the parameters of the position, and that it had not made any misrepresentations. Ullo also claims that Milone never made a bona fide attempt to discuss her problems with its upper management in order to investigate alternatives.
The board agreed that the claimant left work "within a reasonable trial period" after determining that the job was different from the job of production manager as advertised. The board also found the claimant "explored reasonable alternatives" with her employer and was advised that the job would continue to involve hands on work. Thus, the board adopted the referee's findings of fact and conclusion of eligibility, ruling that the claimant left her employment for good cause attributable to the employer.
Ullo, hereinafter referred to as the plaintiff, appeals to this court pursuant to General Statutes § 31-249b, contending that the claimant was advised and knew that her position included "administrative functions" and "executing plans." The plaintiff also asserted that Milone did not pursue alternatives or possible changes in her position as production manager. The board filed a return of record as directed by General Statutes § 31-249b, and a hearing was held before this court on August 28, 1998.
In terms of reviewing an appeal of this nature, the Superior Court has been given several guideposts by the Supreme Court. One guidepost states that "[t]he purpose of the unemployment compensation act is to provide income for the worker earning nothing because he is out of work through no fault or act of his own . . ." (Citations omitted.) Cervantes v. Administrator,177 Conn. 132, 136, 411 A.2d 921 (1979). Another such guidepost was set out in Mattatuck Museum-Mattatuck Historical Society v.CT Page 14517Administrator, 238 Conn. 273, 278, 679 A.2d 347 (1996), as follows: "the [unemployment compensation] act is remedial and, consequently, should be liberally construed in favor of its beneficiaries . . . Indeed, the legislature underscored its intent by expressly mandating that the act shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualifaction in doubtful cases. General Statutes § 31-274(c)." (Citations omitted; internal quotation marks omitted.)
The Supreme Court has also indicated that this court's role in reviewing this type of appeal is a rather limited one. "To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations omitted.) United ParcelService. Inc. v. Administrator, 209 Conn. 381, 385-86,551 A.2d 724 (1988). "As a general rule, `[t]he application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes §§ 31-235 and 31-236
involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant.'" Id., 386. Moreover, the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration is entitled to great deference. Griffin Hospital v. Commission onHospitals Health Care, 200 Conn. 489, 496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781, 93 L.Ed.2d 819 (1986).
In reviewing the decision of the board in this case, General Statutes § 31-249b should also be noted. It provides, in pertinent part, that "[i]n any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by section 519 of the Connecticut Practice Book." Practice Book § 519, now Practice Book (1998 Rev.) § 22-9, provides in pertinent part: "[t]he court does not retry the facts or hear evidence. It considers no evidence other than that CT Page 14518 certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses." Furthermore, Practice Book (1998 Rev.) § 22-4
provides in pertinent part that if an appellant wants the board's findings corrected, he must, within two weeks after the record is filed with the court, "file with the board a motion for the correction of the finding" accompanied by either portions of or the entire transcript.
Practice Book (1998 Rev.) § 22-9(b) provides in pertinent part: "Corrections by the court of the board's finding will only be made upon the refusal to find a material fact which was an admitted or undisputed fact, upon the finding of a fact in language of doubtful meaning so that its real significance may not clearly appear, or upon the finding of a material fact without evidence." As was said in Calnan v. Administrator,43 Conn. App. 779, 785, 686 A.2d 134 (1996), "[h]ere, the plaintiff failed to file a motion with the board for correction of the findings, a necessary prerequisite to a challenge to the board's decision." To the same effect, see Chavez v. Administrator,44 Conn. App. 105, 106-07, 686 A.2d 1014 (1997). Thus, in the absence of a motion to correct pursuant to Practice Book (1998 Rev.) § 22-4, the board's factual findings and those conclusions which are based on the weight of the evidence and the credibility of witnesses cannot be challenged.
Furthermore, in this present appeal, the defendant correctly points out in its motion for judgment that the plaintiff, a corporation, is attempting to file a pro se appearance in this court. However, "[i]n Connecticut, a corporation may not appear pro se . . ." (Internal quotation marks omitted.) ExpresswayAssociates II v. Friendly Ice Cream Corp. of Connecticut,34 Conn. App. 543, 546, 642 A.2d 62, cert. denied, 230 Conn. 915,645 A.2d 1018 (1994). The present appeal is subject to dismissal on this ground alone. Id., 551.
Even if the court were to reach the merits of this appeal, the result would not change. The issue is whether "the decision of the board was logically and rationally supported by the evidence, and was not unreasonable, arbitrary, illegal or an abuse of the board's discretion." Calnan, supra,43 Conn. App. 785. CT Page 14519
General Statutes § 31-236(a)(2)(A) provides in pertinent part that "an individual is eligible for benefits if he leaves suitable work . . . for good cause attributable to the employer, including leaving as a result of changes in conditions created by his employer."[1] To the same effect, see § 31-236-17 (b) of the Regulations of Connecticut State Agencies.
Section 31-236-18 of the Regulations of Connecticut State Agencies defines "voluntary leaving" as involving "the specific intentional act of terminating [one's] own employment." Section 31-236-19 of the Regulations states that in order to find that an employee left work for good cause attributable to the employer, it must appear that the reason for leaving "relates to wages, hours or working conditions which comprise the employment that the individual voluntarily left." Section 31-236-22(a)(1)(A) of the Regulations provides that a determination that an individual "voluntarily left suitable work for good cause attributable to the employer" with respect to "working conditions" must be based on a finding, among other things, that the employer "substantially changed a working condition established in the employment agreement and such change had a significantly adverse effect upon the individual."
In the present case, the board determined that the plaintiff left her job for good cause attributable to the employer. "An individual leaves suitable work for cause within the meaning of the statute, when he leaves employment for reasons which would impel the ordinary reasonable person to leave and which provide the individual with no reasonable alternative but to terminate his employment . . . As a matter of law, therefore, a claimant must show that his basis for leaving employment is objectively reasonable and that no reasonable alterative to termination exists." (Citations omitted; internal quotation marks omitted.)Acro Technology, Inc. v. Administrator, 25 Conn. App. 130, 135,593 A.2d 154 (1991).
The board's conclusion of eligibility for benefits is based on the referee's findings that the plaintiff left work because the job she was supposed to perform was different from the position for which she had been hired. The board also determined that this difference constituted sufficient cause attributable to the employer. These conclusions are within the board's competence and should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment CT Page 14520 compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review."Finkenstein v. Administrator, 192 Conn. 104, 112, 470 A.2d 1196
(1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113.
The court finds, on the basis of the certified record, that the board was presented with sufficient evidence in the record of this case to justify the conclusions it reached concerning the circumstances under which Milone left her employment. Therefore, the defendant board's motion for judgment dated December 24, 1997, is granted, the board's decision is affirmed, and judgment hereby enters dismissing the plaintiff's appeal.
So Ordered.
Dated at Stamford, Connecticut, this 16 day of December, 1998.
Willliam B. Lewis, Judge