[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Janette R. Diller ("claimant") filed a claim for unemployment compensation benefits against her former employer, the plaintiff, Learning Express, Aldamar Toys, Inc. ("employer"), by which she had been employed for about three months as a store manager at a retail toy store. The employer contends that the claimant was terminated on or about February 21, 1996, for wilful misconduct because she had sworn at another employee, Adam Shain. The employer argues that as a result the claimant is ineligible for unemployment benefits. An examiner for the named defendant, the administrator of the Unemployment Compensation Act, General Statutes § 31-222 et seq., denied Diller's application for unemployment compensation benefits on the basis that she had engaged in deliberate misconduct by swearing at the other employee.
Diller appealed the administrator's decision to the Employment Security Appeals Division, pursuant to General Statutes §§ 31-241 and 31-237j, where it was referred to an appeals referee for a hearing de novo. The referee stated that the issue was whether Diller had been discharged for wilful misconduct. The referee made the following factual findings: (1) the claimant lost her temper but the other employee, Shain, had verbally harassed the claimant in the past by derogatory and obscene remarks directed at her; and (2) the employer had allowed the claimant to "endure repetitive abuse" from Shain. The referee concluded that although the claimant had improperly lost her temper, such conduct was not intentional or purposeful misconduct or in reckless disregard of the probable consequences of her actions. Thus, the referee reversed the administrator's decision CT Page 5450 and awarded benefits to the claimant.
The employer appealed this decision to the Employment Security Appeals Division Board of Review (board) in accordance with General Statutes § 31-249. The employer argued that its former employee, the claimant, had engaged in wilful misconduct by reason of a number of acts of insubordination culminating in the Shaim incident. The board reviewed the record, including a tape recording of the hearing before the referee, and concluded that the claimant's conduct was not deliberate or wilful because the claimant "had been subjected to extreme provocation and that her spontaneous reaction to the abuse she received did not constitute an act of wilful misconduct." Thus, the board adopted the referee's findings and affirmed the decision granting benefits to the claimant on the basis that she had not engaged in wilful misconduct.
The employer, hereinafter referred to as the plaintiff, appeals to this court, pursuant to General Statutes § 31-249b. The plaintiff argues that the claimant engaged in wilful misconduct by using profane language in the presence of customers at the store and that her conduct demeaned the authority of the operator of the store, Alice Marks, the vice president of the plaintiff. The board filed a return of record, and a hearing was held before this court on February 2, 1999.
"[T]he purpose of the unemployment compensation act is to provide income for the worker earning nothing because he is out of work through no fault or act of his own. . . ." (Citations omitted.) Cervantes v. Administrator, 177 Conn. 132, 136,411 A.2d 921 (1979). "[T]he [unemployment compensation] act is remedial and, consequently, should be liberally construed in favor of its beneficiaries. . . . Indeed, the legislature underscored its intent by expressly mandating that the act shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualifaction in doubtful cases. General Statutes § 31-274 (c)." (Citations omitted; internal quotation marks omitted.). Mattatuck Museum-MattatuckHistorical Society v. Administrator, 238 Conn. 273, 278,679 A.2d 347 (1996).
The Supreme Court has indicated that this court has a limited role when reviewing an unemployment compensation appeal. "To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited CT Page 5451 to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations omitted.) United ParcelService, Inc. v. Administrator, 209 Conn. 381, 385-86,551 A.2d 724 (1988). "As a general rule, "[t]he application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes §§ 31-235 and 31-236 involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant.'" United ParcelService. Inc. v. Administrator, supra, 209 Conn. 386. Moreover, the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration is entitled to great deference. Griffin Hospital v. Commission onHospitals Health Care, 200 Conn. 489, 496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781, 93 L.Ed.2d 819 (1986).
Furthermore, General Statutes § 31-249b provides, in pertinent part: "[I]n any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by section 519 of the Connecticut Practice Book." Practice Book § 519(a), now Practice Book (1998 Rev.) § 22-9(a), provides in pertinent part: "The court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses."
Practice Book § 22-4 provides, in pertinent part, that if an appellant wants the board's findings corrected, he must, within two weeks after the record is filed with the court, "file with the board a motion for the correction of the finding" accompanied by either portions of or the entire transcript.
Practice Book § 22-9(b) provides, in pertinent part: CT Page 5452 "Corrections by the court of the board's finding will only be made upon the refusal to find a material fact which was an admitted or undisputed fact, upon the finding of a fact in language of doubtful meaning so that its real significance may not clearly appear, or upon the finding of a material fact without evidence." In Calnan v. Administrator, 43 Conn. App. 779,785, 686 A.2d 134 (1996), the court stated that filing a motion with the board for correction of the findings is "a necessary prerequisite to a challenge to the board's decision." AccordChavez v. Administrator, 44 Conn. App. 105, 106-7, 686 A.2d 1014
(1997). Thus, in the absence of a motion by the plaintiff to correct pursuant to Practice Book § 22-4, the board's factual findings and those conclusions which are based on the weight of the evidence and the credibility of witnesses cannot be challenged.
Furthermore, in the present appeal, the administrator points out correctly in the motion for judgment that the plaintiff, a corporation, is appearing pro se in this court. However, "[i]n Connecticut, a corporation may not appear pro se. . . ." (Internal quotation marks omitted.) Expressway Associates II v.Friendly Ice Cream Corp. of Connecticut, 34 Conn. App. 543, 546,642 A.2d 62, cert. denied, 230 Conn. 915, 645 A.2d 1018 (1994). The present appeal is subject to dismissal on this ground alone. Id., 551.
Even if the court were to reach the merits of the appeal, the result cannot be changed. The issue is whether "the decision of the board was logically and rationally supported by the evidence, and was not unreasonable, arbitrary, illegal or an abuse of the board's discretion." Calnan v. Administrator, supra,43 Conn. App. 785.
General Statutes 31-236(a)(2)(B) provides in pertinent part that an individual is ineligible for benefits if he was discharged for "wilful misconduct in the course of his employment," or for "just cause." "Wilful misconduct" is defined as "deliberate misconduct in wilful disregard of the employer's interests, or a single knowing violation of a reasonable and uniformly enforced rule or policy, when reasonably applied." General Statutes § 31-236 (a) (15). "Just cause" is defined in the same statute as a "single act of willful misconduct in the course of an individual's employment which seriously endangers the life, safety or property of his employer, fellow employees or the general public." CT Page 5453
Section 31-236-26(a) of the Regulations of Connecticut State Agencies provides that in order to find that any act or omission constitutes willful misconduct, the administrator must find that "the individual engaged in deliberate misconduct in willful disregard of the employer's interest."
Section 31-236-26a provides that "[I]n order to establish that an individual was discharged or suspended for deliberate misconduct in willful disregard of the employer's interest, the Administrator must find all of the following: (a) Misconduct. To find that any act or omission is misconduct the Administrator must find that the individual committed an act or made an omission which was contrary to the employer's interest, including any act or omission which is not consistent with the standards of behavior which an employer, in the operation of his business, should reasonably be able to expect from an employee. (b)Deliberate. To determine that misconduct is deliberate, the Administrator must find that the individual committed the act or made the omission intentionally or with reckless indifference for the probable consequences of such an act or omission. (c) WillfulDisregard of the Employer's Interest. To find that deliberate misconduct is in willful disregard of the employer's interest, the Administrator must find that: (1) the individual knew or should have known that such act or omission was contrary to the employer's expectation or interest; and (2) at the time the individual committed the act or made the omission, he understood that the act or omission was contrary to the employer's expectation or interest and he was not motivated or seriously influenced by mitigating circumstances of a compelling nature. Such circumstances may include: (A) events or conditions which left the individual with no reasonable alternative course of action; or (B) an emergency situation in which a reasonable individual in the same circumstances would commit the same act or make the same omission, despite knowing it was contrary to the employer's expectation or interest."
The board's determination that mitigating circumstances exist for the claimant's loss of temper and swearing finds support in the record of this case, and was within the board's competence. Therefore, it should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkenstein v. Administrator, 192 Conn. 104, CT Page 5454 112, 470 A.2d 1196 (1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113.
Thus, this court is not in a position to sustain the plaintiff's appeal because of: (1) its very limited role in appeals of this nature; (2) the plaintiff corporation's attempt to appear pro se; and (3) the absence of a motion to correct filed by the plaintiff. Therefore, the defendant board's motion (#102) for judgement dated March 4, 1998, is granted. The board's decision is affirmed, and judgment hereby enters dismissing the plaintiff's appeal.
So Ordered.
Dated at Stamford, Connecticut, this 19th day of May, 1999.
William B. Lewis, Judge