[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Margaret A. Wright (claimant) applied for unemployment compensation benefits after her employment was terminated by her former employer, Country Folk, Inc. (employer). The claimant had been working for this employer for about two and a half months in customer service. The employer contends that the claimant's employment was terminated on May 13, 2000, for wilful misconduct because she failed to report for work on May 12, 2000 and did not give the employer any notice of this absence. CT Page 15941-gb
An examiner for the named defendant, the administrator of the Unemployment Compensation Act (administrator), pursuant to General Statutes § 31-222 et seq., determined that the claimant was discharged for deliberate misconduct in wilful disregard of her employer's interests. Therefore, the examiner denied the claimant's application for unemployment compensation benefits.
Pursuant to General Statutes §§ 31-241 and 31-242, the claimant appealed the administrator's decision to the Employment Security Appeals Division, where the matter was referred to an employment security appeals referee for a hearing de novo. The appeals referee stated that the issue was whether the claimant had been discharged for wilful misconduct in the course of her employment. The appeals referee made the following factual findings: (1) the claimant did not come to work on May 12, 2000, because her tenant died the previous night and she was very busy as a result; and (2) in the absence of an appearance by the employer at the hearing, the referee had no reason to disbelieve the claimant's representation that she had given notice of her absence and the reason therefor to her employer.
The appeals referee concluded that the claimant had not engaged in intentional wilful misconduct in the course of her employment. Thus, the referee reversed the administrator's decision denying unemployment compensation benefits to the claimant, and found the claimant to be eligible for benefits.
Under the authority of General Statutes § 31-248 (b), the employer moved to reopen and vacate the referee's decision on the basis that it did not appear at the referee's hearing because it had not received notice of the scheduling of such a hearing. The motion to reopen was granted and the referee vacated her earlier decision and then held a new hearing at which the employer attended. The employer contended that the claimant had been discharged because she was invariably tardy in reporting to work, frequently absent from work either without notification or without just cause, and because the claimant constantly violated reasonable rules promulgated by the employer.
The referee then issued a new decision which again sustained the claimant's appeal and reversed the administrator's denial of benefits. The basis for this new decision was because "the record does not establish that the claimant was absent for the entire work day on at least two previous occasions without notice or good cause." CT Page 15941-gc
The employer appealed this decision to the Employment Security Board of Review (board) in accordance with General Statutes § 31-249. The board reviewed the record, including a tape recording of the hearing before the appeals referee, and concluded that (1) although the employer had been dissatisfied with the claimant's work habits and attitude, the "precipitating incident was the claimant's absence on May 12, 2000;" and (2) the employer failed to document any previous "absences without good cause or proper notice within the preceding eighteen months." The appeals referee's decision was affirmed and the claimant was granted unemployment compensation benefits.
The employer, referred to hereafter as the plaintiff, appeals to this court pursuant to General Statutes § 31-249b, claiming that the claimant had been discharged for repeated misconduct and violations of the employer's rules and policies. The board filed a return of record, and a hearing was held before this court on August 15, 2001.[1]
"[T]he purpose of the unemployment compensation act is to provide income for the worker earning nothing because he is out of work through no fault or act of his own. . . ." (Citations omitted.) Cervantes v.Administrator, 177 Conn. 132, 136, 411 A.2d 921 (1979). "[T]he [unemployment compensation] act is remedial and, consequently, should be liberally construed in favor of its beneficiaries. . . . Indeed, the legislature underscored its intent by expressly mandating that the act shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualifaction in doubtful cases. General Statutes § 31-274 (c)." (Citations omitted; internal quotation marks omitted.). Mattatuck Museum-Mattatuck Historical Society v.Administrator, 238 Conn. 273, 278, 679 A.2d 347 (1996).
On the other hand, the Supreme Court has indicated that this court has a limited role when reviewing an unemployment compensation appeal. "To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations CT Page 15941-gd omitted.) United Parcel Service, Inc. v. Administrator, 209 Conn. 381,385-86, 551 A.2d 724 (1988).
"As a general rule, "[t]he application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes §§ 31-235 and 31-236 involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant." United Parcel Service, Inc. v. Administrator, supra,209 Conn. 386. Moreover, the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration is entitled to great deference. Griffin Hospital v.Commission on Hospitals Health Care, 200 Conn. 489, 496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781, 93 L.Ed.2d 819 (1986).
In reviewing this appeal, it is noted that there are two major infirmities that, apart from the merits of the case, require the court to affirm the decision of the board. The first is that Practice Book §22-4 provides, in pertinent part, that if an appellant wishes the board's findings to be corrected, he must, within two weeks after the record is filed with the court, "file with the board a motion for the correction of the finding" accompanied by either portions of or the entire transcript. In Calnan v. Administrator, 43 Conn. App. 779, 785, 686 A.2d 134 (1996), the court stated that filing a motion with the board for correction of the findings is "a necessary prerequisite to a challenge to the board's decision." Accord Chavez v. Administrator, 44 Conn. App. 105, 106-7,686 A.2d 1014 (1997). The plaintiff in this present case did not file such a motion and therefore the board's factual findings and those conclusions which are based on the weight of the evidence and the credibility of witnesses cannot be challenged.
The second infirmity is that the plaintiff, a corporation, seeks to appear pro se in this court in pursuing its appeal from the decision of the board. It is well recognized, however, that "[i]n Connecticut, a corporation may not appear pro se. . . ." (Internal quotation marks omitted.) Expressway Associates II v. Friendly Ice Cream Corporation ofConnecticut, 34 Conn. App. 543, 546, 642 A.2d 62, cert. denied,230 Conn. 915, 645 A.2d 1018 (1994); see General Statutes § 51-88
(d). Therefore, the plaintiff's appeal is also subject to dismissal on that ground alone.
Even if the court reviews this appeal on its merits, the issue is confined to whether "the decision of the board was logically and rationally supported by the evidence, and was not unreasonable, arbitrary, illegal or an abuse of the board's discretion." Calnan v.CT Page 15941-geAdministrator, supra, 43 Conn. App. 785.
General Statutes § 31-236 (a)(2)(B) provides in pertinent part that an individual is ineligible for benefits if he was discharged for "wilful misconduct in the course of the individual's employment." "Wilful misconduct" is defined as "deliberate misconduct in wilful disregard of the employer's interest, or a single knowing violation of a reasonable and uniformly enforced rule or policy of the employer when reasonable applied . . . and provided further, in the case of absence from work, `wilful misconduct' means an employee must be absent without notice for three separate instances within an eighteen-month period." General Statutes § 31-236 (a)(2) (16). To the same effect, see section31-236-26 of the Regulations of Connecticut State Agencies.
"[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review."Finkenstein v. Administrator, 192 Conn. 104, 112,470 A.2d 1196 (1984). "Our standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113. There is no question according to the record on appeal that the plaintiff discharged the claimant for her absence on May 12, 2001, although it is equally true that the employer was dissatisfied with the claimant's job performance, perhaps with justification. But discharging for a particular absence requires proof by the employer of two previous absences within the preceding eighteen months without proper notice or just cause, which the employer was not able to document.
In conclusion, the court finds on the basis of the certified record, that the board was justified in the conclusions it reached concerning whether the claimant engaged in wilful misconduct. Therefore, the board's motion (#101) for judgment dated August 9, 2001, is granted, and judgment hereby enters dismissing the plaintiff's appeal.
So Ordered.
Dated at Stamford, Connecticut, this day of November 28, 2001.
William B. Lewis Judge