STATE OF CONNECTICUT *v.* RONNIE HAMMER
(AC 32145)

Gruendel, Alvord and Dupont, Js.

Argued January 5—officially released March 22, 2011

*Ellen M. Aspell,* for the appellant (plaintiff).

*Elizabeth A. Ullman,* with whom was *Barbara M. Schellenberg,* for the appellee (defendant).

*Opinion*

ALVORD, J. In this interpleader action, the plaintiff, the state of Connecticut (state), appeals from the judgment of the trial court rendered in favor of the defendant, Ronnie Hammer.[1] On appeal, the state claims that the court erred by ordering immediate disbursal of a $20,000 settlement check to the defendant without affording the state a trial on the merits of its interpleader complaint. We reverse the judgment of the trial court and remand for a trial on the merits of the interpleader complaint.

The facts giving rise to this appeal are as follows. On January 28, 1994, the defendant, a state employee, suffered a slip and fall accident outside her workplace, resulting in her injury. In addition to her workers' compensation claim, the defendant instituted a third party action against the snow removal company responsible for clearing the area where she fell, pursuant to General

---

[1] See General Statutes § 52-484, titled, "Action in nature of interpleader," which provides in relevant part: "Whenever any person has, or is alleged to have, any money or other property in his possession which is claimed by two or more persons, either he, or any of the persons claiming the same, may bring a complaint in equity, in the nature of a bill of interpleader, to any court which by law has equitable jurisdiction of the parties and amount in controversy, making all persons parties who claim to be entitled to or interested in such money or other property. . . ."

Statutes § 31-293[2] (tort action). The state intervened as a third party plaintiff and asserted a lien on the possible recovery from the tort action, claiming that it had paid workers' compensation in excess of $300,000. The tort action settled for $20,000 during 2003.[3] Both parties represent that pursuant to the terms of the settlement agreement, the state agreed to forgive its lien contingent on the $20,000 settlement being placed in escrow, only to be disbursed to the defendant when the workers' compensation claim was "disposed of."[4] Pursuant to the settlement of the tort action, a check in the amount of $20,000 was delivered to the defendant's counsel on November 26, 2003. The defendant refused to endorse

[2] General Statutes § 31-293 (a) provides in relevant part: "When any injury . . . has been sustained under circumstances creating in a person other than an employer . . . a legal liability to pay damages for the injury, the injured employee may claim compensation under [the Workers' Compensation Act, General Statutes § 31-275 et seq.] . . . but the payment or award of compensation shall not affect the claim or right of action of the injured employee against such person, but the injured employee may proceed at law against such person to recover damages for the injury; and any employer or the custodian of the Second Injury Fund, having paid, or having become obligated to pay, compensation under [the Workers' Compensation Act] may bring an action against such person to recover any amount that he has paid or has become obligated to pay as compensation to the injured employee. . . . Notwithstanding the provisions of this subsection, when any injury for which compensation is payable under the provisions of [the Workers' Compensation Act] has been sustained under circumstances creating in a person other than an employer . . . a legal liability to pay damages for the injury and the injured employee has received compensation for the injury from such employer . . . pursuant to the provisions of [the Workers' Compensation Act] the employer . . . shall have a lien upon any judgment received by the employee against the party or any settlement received by the employee from the party, provided the employer . . . shall give written notice of the lien to the party prior to such judgment or settlement."

[3] This court was not provided with the transcripts from the 2003 settlement hearing in the tort action or a copy of the settlement agreement.

[4] At the time of the settlement of the tort action, the parties to the workers' compensation claim had agreed on the terms of that claim's settlement. Those terms included giving the defendant (the plaintiff in the workers' compensation action) an additional $150,000 of compensation and payment of medical expenses, in addition to the $300,000 of compensation she already had received.

the check. It remains in her counsel's possession, un-negotiated, and since has expired.

On January 23, 2008, after the defendant refused to accept and to endorse the check or to dispose of the workers' compensation claim as per the tort action settlement agreement, the state brought this inter-pleader action. The state claimed that because the defendant breached the tort action settlement agreement, its lien on the settlement proceeds was still valid. Therefore, the state contended that the $20,000 settlement money should be used to pay the defendant's attorney's fees and to reimburse the state for its work-ers' compensation lien.

The defendant, by way of her conservator, Albert DeLardi, answered the state's complaint as a self-repre-sented party.[5] On August 5, 2009, the court held a pretrial conference (August pretrial), on the record, during which both the defendant and her conservator were sworn in. During the August pretrial, the court sug-gested and both parties agreed that the settlement check would be placed in an escrow account only to be disbursed upon the resolution of the workers' com-pensation case (August agreement). The court requested that the state draft a court order memorializ-ing this agreement.

As the court directed, the state drafted a court order reflecting the August agreement. The defendant refused

---

[5] DeLardi is not an attorney, but he entered an appearance on behalf of the defendant, proceeding as a self-represented party. By representing the defendant, DeLardi engaged in the unauthorized practice of law. "Any person who is not an attorney is prohibited from practicing law, except that any person may practice law, or plead in any court of this state 'in his own cause.' General Statutes § 51-88 (d) (2). The authorization to appear [self-represented] is limited to representing one's own cause, and does not permit individuals to appear [self-represented] in a representative capacity." *Expressway Associates II* v. *Friendly Ice Cream Corp. of Connecticut*, 34 Conn. App. 543, 546, 642 A.2d 62, cert. denied, 230 Conn. 915, 645 A.2d 1018 (1994).

to approve the order, without explanation.[6] On October 13, 2009, the state filed a motion to enforce the order of the court. The defendant objected to the motion on the ground that, inter alia, the drafted order was not an appropriate representation of the August agreement.

The court held a hearing on the motion on November 9, 2009, and conducted two status conferences on the record, on November 16, 2009 (November status conference) and March 16, 2010 (March status conference). At the hearing on the motion, the court again ordered that the settlement money be held in escrow until the workers' compensation claim was resolved, per the August agreement. Additionally, at the motion hearing, the court sought further information as to the status of the workers' compensation settlement and, therefore, ordered that the defendant's workers' compensation counsel appear before the court.

The defendant's workers' compensation counsel attended the November status conference and represented to the court that the state waived its lien in exchange for a full and final settlement of the workers' compensation claim, and that such settlement never occurred. The state agreed with this update.

At the March status conference, the court departed from its pretrial order effectuating the August agreement and instead, over the state's objection, ordered that the $20,000 check be disbursed immediately to the defendant. This appeal followed.

On appeal, the state claims that the trial court improperly rendered judgment in favor of the defendant without affording the state a trial on the merits of its interpleader complaint. We agree with the state that

---

[6] Upon receipt of the state's draft order, the defendant's conservator indicated via e-mail that "[i]n its present form, it is objectionable to me."

the disposition of this interpleader action by unilateral order of the court at a status conference was improper.

Pursuant to Practice Book § 23-44,[7] issues in an interpleader action may be closed "as in other cases." Thus, we turn for guidance to general civil pretrial procedure. A civil case may be disposed of at pretrial by settlement, judgment by stipulation, or withdrawal. See Practice Book § 14-12. When the case is not disposed of, "then the judicial authority may (1) continue the matter for a reasonable period if the parties agree to participate in any form of alternative dispute resolution, (2) enter appropriate orders to assure that the case is readied for trial, (3) order the case assigned for trial on a date certain or a week certain in the future or, (4) assign the case to a specific judge for trial on a date certain. . . ." Practice Book § 14-12.

In the present case, when both parties assented to the August agreement that the $20,000 be held in escrow until a resolution of the workers' compensation case, the court had the pretrial authority to dispose of the issues according to that settlement. Subsequently, the August agreement was memorialized when the state drafted the court order, yet the defendant refused to approve the order. Instead of proceeding with the trial, the court disposed of the case during a status conference, denying both parties the opportunity to introduce evidence, present witnesses or argue the merits of the case before the court. Accordingly, the state was denied its right to argue substantively the merits of the claims.

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.

---

[7] Practice Book § 23-44 provides: "No trial on the merits of an interpleader action shall be had until (1) an interlocutory judgment of interpleader shall have been entered; and (2) all defendants shall have filed statements of claim, been defaulted or filed waivers. Issues shall be closed on the claims as in other cases."