******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

EDWARD WERNER COOK, TRUSTEE *v.* GEORGE
PURTILL, EXECUTOR (ESTATE OF
ADELMA GRENIER SIMMONS)
(AC 42198)

Elgo, Devlin and Harper, Js.

*Syllabus*

The plaintiff, the decedent's widower and trustee of a charitable trust formed
by the decedent's estate, appealed to this court from the trial court's
denial of his motion to open the judgment dismissing his probate appeal.
*Held* that the plaintiff lacked standing to represent the trust, as he was
not an attorney and he was not representing his own cause in his capacity
as a trustee of the trust.

Argued November 20, 2019—officially released February 18, 2020

*Procedural History*

Appeal from the decree of the Probate Court for the district of Tolland-Mansfield appointing the defendant as guardian ad litem for the decedent's estate, removing the plaintiff as the executor of the estate and appointing the defendant as successor administrator of the estate, brought to the Superior Court in the judicial district of Tolland, where the court, *Farley, J.*, dismissed the appeal and rendered judgment thereon; thereafter the court denied the plaintiff's motion to open the judgment and the plaintiff appealed to this court; subsequently, this court granted in part the defendant's motion to dismiss the appeal. *Appeal dismissed.*

*Edward Werner Cook*, self-represented, the appellant (plaintiff).

*Kirk D. Tavtigian, Jr.*, with whom, on the brief, was *George M. Purtill*, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Edward Werner Cook, appeals from the judgment of the trial court denying his motion to open the judgment dismissing his probate appeal. The plaintiff filed this appeal as the trustee of a charitable trust, The Caprilands Foundation (foundation). Because the plaintiff is not an attorney and has appeared without counsel on behalf of a trust, we conclude that the plaintiff does not have the authority to represent the trust. Accordingly, we dismiss the appeal.

The following facts and procedural history are relevant to our resolution of this appeal. In 1998, the plaintiff was appointed executor of the estate of his wife, Adelma Grenier Simmons. Under her will, the plaintiff received a life estate in his wife's personal residence, and the remainder of her estate was held by the foundation. The plaintiff was appointed trustee and chairman of the board of trustees for the foundation. On May 31, 2017, the Probate Court for the district of Tolland-Mansfield appointed George Purtill as guardian ad litem for the purpose of advising the Probate Court on the status of the estate. On September 29, 2017, the Probate Court, pursuant to General Statutes § 45a-242,[1] removed the plaintiff as the executor of his wife's estate, concluding that he had failed to manage the assets of the estate properly and that he was embroiled in several conflicts of interest, including his positions as creditor, life tenant, trustee, and executor. Thereafter, the Probate Court appointed Purtill as successor administrator of the estate of the plaintiff's wife.

On November 1, 2017, the plaintiff, in his capacity as trustee for the foundation, filed an appeal with the Superior Court from the decree of the Probate Court, alleging that (1) the appointment of Purtill as guardian ad litem was inappropriate in fact and law and was not in accordance with standards required, and (2) the findings and conclusions of Purtill's report on the estate are biased, unfounded, and deeply flawed. On May 15, 2018, the court, *Farley, J.*, dismissed the plaintiff's appeal for lack of subject matter jurisdiction, concluding that the plaintiff, as trustee, was not aggrieved in his individual capacity by his removal as executor. On September 14, 2018, well past the period for appealing the judgment of dismissal pursuant to General Statutes § 45a-186,[2] the plaintiff filed a motion to open. The court, *Farley, J.*, denied the motion to open on October 1, 2018. The plaintiff filed this appeal on October 16, 2018, appealing the judgment of dismissal and the denial of the motion to open judgment.

On October 19, 2018, the defendant, George Purtill, as executor of the estate of Adelma Grenier Simmons, moved to dismiss the portion of the plaintiff's appeal pertinent to the judgment of dismissal, on the ground that the May 15, 2018 appeal was untimely. On Novem-

ber 15, 2018, this court granted the defendant's motion. Therefore, only the plaintiff's appeal of the court's denial of the motion to open judgment is before us.

It is well established in our jurisprudence that a non-attorney does not have the authority to maintain an appeal on behalf of a trust. "Any person who is not an attorney is prohibited from practicing law, except that any person may practice law, or plead in any court of this state in his own cause. General Statutes § 51-88 (d) (2). The authorization to appear [self-represented] is limited to representing one's own cause, and *does not permit individuals to appear* [*self-represented*] *in a representative capacity.*" (Emphasis in original; internal quotation marks omitted.) *Gorelick* v. *Montanaro*, 119 Conn. App. 785, 793, 990 A.2d 371 (2010); see also *State* v. *Hammer*, 127 Conn. App. 448, 451 n.5, 14 A.3d 425 (2011); *Expressway Associates II* v. *Friendly Ice Cream Corp. of Connecticut*, 34 Conn. App. 543, 546, 642 A.2d 62, cert. denied, 230 Conn. 915, 645 A.2d 1018 (1994).

In the present case, the plaintiff, a nonattorney, filed this appeal in his capacity as trustee of the foundation. Because the plaintiff is not representing his "own cause" in this appeal, he does not have the authority to represent the foundation, pursuant to § 51-88.[3]

The appeal is dismissed.

[1] General Statutes § 45a-242 provides in relevant part: "The Probate Court having jurisdiction may, upon its own motion or upon the petition of any person interested . . . after notice and hearing, remove any fiduciary if: (1) The fiduciary becomes incapable of executing such fiduciary's trust, neglects to perform the duties of such fiduciary's trust, wastes the estate in such fiduciary's charge, or fails to furnish any additional or substitute probate bond ordered by the court . . . (3) because of unfitness, unwillingness or persistent failure of the fiduciary to administer the estate effectively, the court determines that removal of the fiduciary best serves the interests of the beneficiaries . . . ."

[2] General Statutes § 45a-186 provides in relevant part: "(b) Any person aggrieved by an order, denial or decree of a Probate Court may appeal therefrom to the Superior Court. An appeal . . . shall be filed not later than forty-five days after the date on which the Probate Court sent the order, denial or decree. Except as provided in sections 45a-187 and 45a-188, as amended by this act, an appeal from an order, denial or decree in any other matter shall be filed on or before the thirtieth day after the date on which the Probate Court sent the order, denial or decree. The appeal period shall be calculated from the date on which the court sent the order, denial or decree by mail or the date on which the court transmitted the order, denial or decree by electronic service, whichever is later."

Although § 45a-186 has been amended by the legislature since the events underlying the present case; see Public Acts 2019, No. 19-14, § 10; those amendments have no bearing on the merits of the appeal. In the interest of simplicity, we refer to the current revision of the statute.

[3] General Statutes § 51-88 provides in relevant part: "(a) Unless a person is providing legal services pursuant to statute or rule of the Superior Court, a person who has not been admitted as an attorney under the provisions of section 51-80 . . . shall not: (1) Practice law or appear as an attorney-at-law for another in any court of record in this state . . . or (8) otherwise engage in the practice of law as defined by statute or rule of the Superior Court.

* * *

"(d) The provisions of this section shall not be construed as prohibiting . . . any person from practicing law or pleading at the bar of any court of this state in his or her own cause . . . ."